[No. 5474.  Decided February 20, 1905.]

HERMAN HELBIG, *Respondent*, v. GRAYS HARBOR ELECTRIC COMPANY, *Appellant.*[1]

PLEADINGS—COMPLAINT FOR PERSONAL INJURIES—CERTAINTY—AMENDMENT—APPEAL AND ERROR—PREJUDICE. The denial of a motion to make a complaint for personal injuries more definite and certain as to an allegation that plaintiff was "otherwise greatly bruised and injured" is not prejudicial error where no evidence was given of injuries other than those particularly described in the complaint and in a trial amendment thereof.

PLEADINGS—AMENDMENT TO CONFORM TO THE PROOF—SURPRISE—WAIVER OF ERROR. Error cannot be predicated on the allowance of a trial amendment to the complaint to conform to the proof, in the absence of any claim of surprise or motion for a continuance in the court below.

DAMAGES—PERSONAL INJURIES—PHYSICAL EXAMINATION OF PLAINTIFF. Where the plaintiff in an action for personal injuries was examined before the trial at the instance of the defendant, and a trial amendment was allowed showing further injuries, whereupon two physicians were appointed to make a further physical examination, only one of whom attended and testified, it

[1]Reported in 79 Pac. 612.

is not an abuse of discretion to refuse to permit any further examination of the person of the plaintiff except such as could be had in the presence of the jury.

NEGLIGENCE—DEFECT IN STREET—CONTRIBUTORY NEGLIGENCE IN RIDING HORSE WITHOUT BRIDLE. It is not as a matter of law such contributory negligence to ride a gentle horse without saddle or bridle as will preclude a recovery for personal injuries sustained in a fall through the horse's shying at a defect in the street.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered July 18, 1904, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained in a fall from a horse caused by a defect in the street.    Affirmed.

*J. B. Bridges,* for appellant.

*W. H. Abel* and *Ben Sheeks,* for respondent.

RUDKIN, J.—On and prior to the 19th day of September, 1903, the defendant, the Grays Harbor Electric Company, was engaged in the construction of a street railway in the city of Aberdeen.    Heron street of said city, along which such street railway was under construction, was planked throughout its entire length, and it became necessary to cut out and remove a portion of the planking, for the purpose of driving piles and laying the rails.    This planking was cut out for a width of about seven feet, at the intersection of Heron and Washington streets, and, after the rails were laid, a temporary crossing was constructed where the planking had been removed.    There is a conflict in the testimony as to the nature of this temporary crossing.    The plaintiff was riding his horse over this temporary crossing, and, according to his testimony and the testimony of his witnesses, a loose board or plank flew up from the crossing, and caused the horse to shy, throwing the plaintiff to the ground, and thereby causing the injuries complained of.    A verdict was returned for the

plaintiff, and from the judgment entered thereon this appeal is taken.

(1)   The first error assigned relates to the denial by the court of a motion to make the complaint more definite and certain.   The injuries suffered by the respondent were thus described in his original complaint: "Plaintiff's collar bone was broken, and he was otherwise thereby greatly bruised and injured, and caused much pain and suffering, to his damage, etc." Inasmuch as no proof was offered as to any injury suffered by the respondent, except as to the broken collar bone and the other injury specifically described in the amendment allowed by the court, as hereafter stated, the appellant was not prejudiced by the denial of the motion to make the complaint more definite and certain in relation to the injuries received, and we are not called upon to decide whether the other general allegations were sufficiently specific to entitle the respondent to prove other injuries, not particularly described in his complaint or in the amendment.

(2)   On the examination of one of the expert witnesses produced by the respondent, it appeared that some other bone, aside from the collar bone, was, or might have been, fractured.   After the testimony of this witness was in, the appellant moved the court to strike all testimony relating to the fracture of any bone except the collar bone, as no other fracture was alleged in the complaint.   Thereupon the court, on motion of the respondent, allowed an amendment to the complaint during the trial, for the purpose of including the additional injury testified to by this witness.   The allowance of this amendment is also assigned as error.   The allowance of the amendment was in the discretion of the trial court, and, if the respondent was taken by surprise, it should have applied for a continuance for a reasonable time, to enable it to meet this new

phase of the case. Having failed to do so, it is in no position to claim surprise, by reason of the allowance of the amendment, in this court.

(3)   The respondent was examined by physicians some time prior to the trial, at the instance of the appellant. After the amendment of the complaint, as herein stated, the court, on the application of the appellant, designated two physicians to again examine the respondent. One of these physicians attended and testified on behalf of the respondent; the other was too busily engaged to appear in court. Thereupon a third physician was called, and the court offered to allow this witness to examine the respondent in the presence of the jury, but not otherwise. After what had theretofore transpired, we do not think there was any abuse of discretion, on the part of the trial court, in refusing to permit a further examination of the person of the respondent.

(4)   The questions of negligence on the part of the appellant, and of contributory negligence and assumption of risk on the part of respondent, were submitted to the jury under instructions very favorable to the appellant. There was sufficient testimony to establish negligence on the part of the appellant, as alleged in the complaint, and it cannot be said, as a matter of law, that a man who rides a gentle horse with a halter, only, and without saddle or bridle, is guilty of such contributory negligence as will preclude a recovery for injuries caused by a defect in a public street.

There is no error in the record, and the judgment is affirmed.

MOUNT, C. J., FULLERTON, HADLEY, and DUNBAR, JJ., concur.

ROOT and CROW, JJ., took no part.