# THE GENERAL ACCIDENT, FIRE & LIFE ASSURANCE CORPORATION, LIMITED, OF PERTH, SCOTLAND, *vs.* HARRIET HOMELY.

*Accident Insurance—Death of Insured from a Disease Caused by External Accident—Instructions to the Jury.*

There may be a recovery under an insurance policy against death caused by external and accidental agencies when the death of the insured resulted from a disease which was itself caused by an accident, for in such case the accident is to be regarded as the predominant cause of death, and the disease as a link in the chain of causation.

In one part of an accident insurance policy, the liability of the company was limited to injuries resulting from external and accidental agencies independently of all other causes. In a subsequent part of the policy, it was provided that in the event of injury, fatal or otherwise, of which there shall be no external or visible mark on the body, or injury, fatal or otherwise, or disability due wholly or in part, directly or indirectly, to disease or bodily infirmity, then the limit of the company's liability shall be one-fifth of the amount which would otherwise be payable under the policy. The insured while at work, on October 20th, in a stable, was struck on the back by a bale of hay and knocked down. There appeared after-

·wards a welt upon his back and a tremor and tension of muscles, and on October 27th, he died from acute nephritis. Previous to the accident he was in apparent good health. The evidence of the attending physician was to the effect that a blow over the kidneys may cause acute nephritis, with uræmic poisoning, often resulting in death, and that the insured died of traumatic nephritis, the result of the accident. *Held,* that the jury was properly instructed, at the instance of the plaintiff, that if they found the above facts, and that the deceased was insured by the defendant, and that he was at the time of the accident free from disease, except acute nephritis caused by the accident, then their verdict must be for the plaintiff. This prayer does in effect, although not expressly, require the jury to find that the death was caused by an accident independently of all other causes.

*Held,* further, that the evidence in the cause was legally sufficient to show that the death of the insured was caused by the accident. ·

*Held,* further, that a prayer offered by the insurance company was properly rejected which instructed the jury that if, at the time of the accident, the insured was suffering from a preexisting disease, in the absence of which the accident would not have caused his death, then their verdict must be for the defendant. It was also proper to reject a prayer which declared that the death must have been caused by the external injury alone. These prayers disregard the second clause of the policy which made the insurer liable to the extent therein stated for injury, fatal or otherwise, due wholly or in part to disease or bodily infirmity.

*Decided December 9th, 1908.*

Appeal from the Superior Court of Baltimore City (ELLIOTT, J.)

The cause was argued before BOYD, C. J., BRISCOE, SCHMUCKER, BURKE, THOMAS and WORTHINGTON, JJ.

*Charles W. Main* and *John B. Boyer,* for the appellant, submitted the cause on their brief.

*Jefferson D. Norris* (with whom were *Edward B. Eisen-brandt* and *Robert B. Bacon* on the brief), for the appellee.

SCHMUCKER, J., delivered the opinion of the Court.

The appellee sued the appellant company in assumpsit in the Superior Court of Baltimore City upon a policy of insurance issued by it upon the life of her son, George H. Gardiner. The verdict and judgment below were in her favor for the full amount of the policy and the company took the present appeal.

The policy sued on is of the now familiar class which furnish indemnity to a designated beneficiary for loss accruing from accidental and external injuries, fatal or otherwise, to the assured. The expressions employed in the earlier part of the policy limit the liability of the company to losses resulting from external accidental agencies, "independently of all other causes," but in a later clause of the document a modified liability is distinctly assumed for loss from "injury, fatal or otherwise, or disability, due wholly or in part directly or indirectly to disease or bodily infirmity."

The portion of the policy providing for that modified responsibility of the company is known as clause (h), and is in the following language: "In event of injury or loss, fatal or otherwise, of which there shall be no external or visible mark on the body; or injury, fatal or otherwise, or disability due wholly or in part directly or indirectly to disease or bodily infirmity; * * * then and in all such cases referred to in this paragraph, the limit of the company's liability shall be one-fifth of the amount which would otherwise be payable under this policy, anything herein to the contrary notwithstanding."

The declaration in the case before us only avers an insurance against death resulting directly and independently of all other causes from bodily injuries effected through external, violent and accidental means, but declares upon the policy, designating it by its number and date.

There is but one bill of exceptions in the record, and that is to the Court's action on the prayers.

The plaintiff offered but one prayer, which the Court granted. It asked the Court to instruct the jury, "that if they shall find from the evidence that on October 20th, 1906, George H. Gardiner was insured in the Defendant Company against death by accident, and that upon that date the said George H. Gardiner sustained an injury through being struck by a bale of hay upon the back or side, and that upon the day following said accident there was a welt upon his back, and that on the fourth day after the accident an examination of the said Gardiner by two practicing physicians disclosed a tremor, tension and sensitiveness of the muscles of the back, and that on the 27th day of October, 1906, the said George H. Gardiner died of acute nephritis caused by the said accident, and if they shall further find that said Gardiner was at the time of said accident, and until his death, free from disease, except acute nephritis, caused by the accident, and that from and after the said accident he was unable to perform his duties, then their verdict may be for the plaintiff."

The Court rejected the defendant's first and third prayers, and granted its second prayer as modified, and its fourth prayer as originally offered.

The first of these prayers asked the Court to take the case from the jury for want of legally sufficient evidence to entitle the plaintiff to recover.

The second placed upon the plaintiff the burden of proof that the death of the insured was caused by external, violent and accidental means, and concluded with the words, "and if those injuries alone did not occasion his death, then the verdict must be for the defendant." The Court struck out the concluding words and granted the prayer as thus modified.

The third prayer declared that if the jury found from the evidence that at the time of the accident the insured was suffering from a pre-existing disease, in the absence of which the accident would not have caused his death, and that he died

because the accident aggravated the disease or the disease aggravated the effects of the accident, then their verdict must be for the defendant.

There is evidence in the record tending to show the following state of facts: The assured was an unmarried colored man, about forty years of age, who had been employed for more than six years prior to his death at the Warwick stables in Baltimore City. He was a person of unusual strength, in apparently good health, and was uniformly industrious and attentive to his duties. He took an occasional drink of liquor, but was not intemperate in his habits. On Saturday afternoon, October 20th, 1906, when he was at work on the ground floor of the stable, a bale of hay was thrown down the hatchway from an upper story of the building and struck the ground near by him, and then, rebounding, struck him on the back and knocked him down. He was picked up by his fellow workmen, and complained of pain in his back where the hay struck him. He showed his back to one of them, Harrison Hayden, who testified that he saw a bruise there and rubbed it with liniment. Gardiner remained at the stable the remainder of the afternoon and wanted to go on with his work, but his comrades would not permit him to do so. After going home on Saturday evening he never returned to the stable, but after suffering for some days from acute nephritis, accompanied by violent convulsions, died on October 27th.

Dr. E. B. Iglehart, a physician and surgeon of nineteen years' practice and an instructor of surgery in the Johns Hopkins Medical School, testified that he, in company with Dr. Frank Smith, examined Gardiner after his accident and that he gave evidence of having received an injury. The Doctor said, in that connection, "I found a definite muscle spasm on the right of his back and some tenderness on pressure over his back on the left side." That to his mind the man's condition was entirely consistent with having been struck by a bale of hay. A hypothetical question was then put to the Doctor stating the circumstances of Gardiner's accident, sub-

sequent illness and death, and asking him to state, with those facts before him taken in conjunction with the facts discovered by him in his examination, what in his opinion caused the man's death. He replied, "I don't see how the accident can be ruled out as the factor of his death; I don't see how the accident could be ruled out." In response to further questions he said that a blow over the kidneys would cause acute nephritis with uræmic poisoning, which frequently produces death. Being asked on cross-examination whether he considered Gardiner's injury as the sole cause of his death, he replied, "I should have to give a certificate to that effect if I signed his death certificate, seeing him only once as I did. That is all I can say. I should have been compelled to fill out his certificate that the man died of traumatic nephritis, the result of a blow, as I had seen him only once."

Dr. Frank Smith fixed the date of the joint visit of Dr. Iglehart and himself to Gardiner as October 23rd, 1906, three days after the accident. He expressed views as to the nature and cause of Gardiner's illness and death similar to, but less positive than, those of Dr. Iglehart.

The record contains, as it always does in such cases, expert medical testimony of an opposite tenor introduced on behalf of the defendant. Several witnesses also testify that they saw the person of the assured after the accident and could see no bruises or other evidences of injury thereon, but the question of the weight of the evidence is one for the jury.

We find no reversible error in the action of the learned Judge below upon the prayers.

The plaintiff's prayer, which was evidently intended to refer to a recovery of a verdict for a death of the assured from accidental causes alone, does not affirmatively require the jury to find that his death was caused by the accident, independently of all other causes; but it does so in effect by requiring them to find that he died of acute nephritis caused by the accident, and also that he was at the time of the accident and until his death free from disease except the acute

nephritis caused by the accident. It has been held in a number of cases that where the death is from a disease which was itself caused by the accident, the latter is to be regarded as the true and predominant cause of the death, and the disease as a mere link in the chain of causation, and the death is to be regarded as having resulted solely from the accident independently of all other causes. *Freeman* v. *Mercantile Accident Ins. Co.,* 156 Mass. 351; *Delaney* v. *Modern Accident Club,* 121 Iowa, 528; *Fetter* v. *Fidelity Co.,* 174 Mo. 256; *Horsfall* v. *Pac. Mut. Life Ins. Co.,* 37 Wash. 132; *Carey* v. *Preffd. Accident Ins. Co.,* 127 Wis. 67, 106 N. W. 1055; *Cent. Acci. Ins. Co.* v. *Rembe,* 220 Ill. 151, 5 L. R. A. N. S. 932; *Fidelity & Casualty Co.* v. *Johnson,* 30 L. R. A. 206, and cases collected in note thereto.

The defendant's first prayer was properly refused. The uncontradicted evidence showed the occurrence of the accident to Gardiner in the stable and his subsequent illness and death. The testimony of Drs. Iglehart and Smith was certainly legally sufficient to go to the jury upon the question of the causal connection between the accident and the death under the authority of the cases above cited by us, as well as the cases of *City Pass. Railway* v. *Kemp,* 61 Md. 74, and *P., B. & W. Ry. Co.* v. *Mitchell,* 107 Md. 600.

Nor was there any error in modifying the defendant's second prayer or in rejecting its third one, because both the third prayer and the second one in its original form totally disregarded the operation of clause (h), of the policy sued on, which made the company liable to the extent therein stated for injury, fatal or otherwise, to the assured due wholly or in part to disease or bodily infirmity.

Finding no error in the rulings of the Court below, we will affirm the judgment appealed from.

*Judgment affirmed with costs.*