[No. 10445. Department One. December 13, 1912.]

W. F. RITCHARDSON, *Respondent*, v. W. D. INGALLS *et al.*,
*Appellants*.[1]

APPEAL—RECORD—STATEMENT OF FACTS—NECESSITY. In the absence of a statement of facts or bill of exceptions showing the evidence admitted at a trial on the merits, error cannot be predicated on refusing to require the complaint to be made definite and certain.

Appeal from a judgment of the superior court for Yakima county, Preble, J., entered March 29, 1911, upon the verdict of a jury rendered in favor of the plaintiff for damages for an assault and battery. Affirmed.

*Frank A. Luse,* for appellants.

*Snively & Bounds,* for respondent.

CROW, J.—This action was commenced by W. F. Ritchardson against W. D. Ingalls and Inga J. Ingalls, to recover $2,000 damages for personal injuries. In paragraph 2 of the original complaint, plaintiff alleged that, as a result of an assault which defendants made by beating him with a shotgun, he sustained injuries to his right arm and other parts of his person, which prevented him from working or attending to his business. To this complaint, the defendants interposed a motion which, omitting formal parts, reads as follows:

"That the plaintiff be required to make paragraph two of the complaint more definite and certain by setting out the injuries that he received in detail, and by setting out the length of time which said injuries prevented him from doing his work and attending to his business, and by setting out the items of damage comprising the two thousand dollars which he claims to have been damaged."

Upon the hearing of the motion, the trial judge ordered that the complaint be made more definite and certain, by set-

[1]Reported in 128 Pac. 638.

ting out the injuries complained of, and by stating what injuries the plaintiff had suffered outside of those upon his arm, and further ordered that as to all other matters the motion be denied. Thereupon the plaintiff amended his complaint by alleging in paragraph 2 that he:

"Sustained many and severe bruises upon his right arm, to wit: That the cords and muscles in the said right arm were bruised and battered up, and the flesh was made black and blue as a result of the beating with said shotgun, and that for a long time thereafter this plaintiff did, and does at the present time, suffer great pain as a result of said beating with said shotgun. That said plaintiff was unable to do any lifting or hoeing or pumping with said right arm, and was greatly handicapped in doing other work which it was his place to do in caring for the ranch whereon he is employed as foreman. And that at the present time, when he does any lifting or hoeing or pumping with his right arm, it gives him great pain, and will continue to give him great pain for a long time to come."

The issues were completed, and on trial a verdict for $350 was returned in plaintiff's favor, upon which judgment was entered. The defendants have appealed.

The only assignment is that the trial court erred in not requiring plaintiff to plead the length of time his injuries prevented him from doing his work or attending to his business, and to also plead the items comprising the damages claimed. The record contains no statement of facts, none having been proposed, filed, or certified. The cause is here on the pleadings, the order on the motion, and the final judgment. It nowhere appears that appellant interposed any motion to the amended complaint, and we are not advised as to what occurred during the trial. In *Helbig v. Grays Harbor Elec. Co.*, 37 Wash. 130, 79 Pac. 612, in an action for personal injuries, this court held that the denial of defendant's motion to make a complaint more definite and certain as to injuries sustained was not prejudicial error when, upon the trial, no evidence of injuries other than those

pleaded was admitted. We are not advised as to the evidence admitted upon the trial of this action, either as to the injuries inflicted, the period of their continuance, or the damages sustained. Were we to hold, which we do not, that the amended complaint is indefinite and uncertain, we could not reverse the judgment. We must presume that the evidence was properly restricted. The damages were sufficiently pleaded, and it is apparent from the allegations of the amended complaint that the alleged injuries continued until the date of its filing. The damages awarded, which are not assailed as excessive, were for the exclusive consideration and determination of the jury.

The judgment is affirmed.

MOUNT, C. J., GOSE, PARKER, and CHADWICK, JJ., concur.