No. 1,152.

## KLEIN *v.* THE STATE.

CRIMINAL LAW.—*Assault.*—*What Constitutes.*—*Pistol.*—If a person standing on the opposite side of even a very narrow street from another, points an unloaded pistol, or a pistol not shown by the evidence to have been loaded, at the other, and threatens to use it upon him, he is not guilty of the crime of assault, the element of present ability being absent.

From the Jefferson Circuit Court.

*C. A. Korbly* and *W. O. Ford,* for appellant.

*A. G. Smith,* Attorney-General, for State.

REINHARD, J.—The appellant and one Pat Duffy were jointly prosecuted, by information, for an assault and battery with intent to commit murder.

A jury trial resulted in the acquittal of Duffy, and the conviction of Klein of an assault, for which a fine of fifty dollars was assessed against him.

It is insisted on behalf of the appellant, that the evidence was wholly insufficient to warrant the conviction, and this is practically conceded by the counsel for the State.

The case is, in some of its aspects, at least, a remarkable one. The information was based upon an affidavit by the alleged injured party, John W. Thomas, in which he swore that Klein and Duffy "feloniously and with premeditated malice," made an assault upon him (Thomas), "with dangerous and deadly weapons, to wit, a pistol and a very large knife," and with which weapons they (Klein and Duffy) "did then and there feloniously, and in a rude, insolent and angry manner touch, cut, stab and wound and injure" said Thomas, "with intent, then and there, and thereby, feloniously, purposely and with premeditated malice, to kill and murder" him.

On the trial, Thomas was a witness for the State, and testified concerning the entire occurrence, but notwithstanding the solemn and positive declarations made in his affidavit, he utterly failed to state a single instance of either shooting, cutting, wounding or even touching of Thomas by Klein or Duffy. The utmost that can be extracted from his testimony, as contained in the record, which tends in the remotest degree to support the grave charge preferred by him, under the solemnity of an oath, is that Duffy brandished a knife, and Klein drew a pistol from his pocket and pointed it toward Thomas, at the same time uttering threats and violent and abusive language against Thomas and his companion, one Johnson.

But, notwithstanding the apparent discrepancy in the oaths of Thomas, if there was any evidence from which the jury might properly conclude that an assault was perpetrated upon him, even though such evidence consisted solely of the unsupported statement of Thomas at the trial, we would not be authorized to disturb the judgment. If, however, there is in the record no evidence upon which a conviction for an assault could legitimately be based, then it becomes our duty to reverse.

It appears from the evidence, that upon the occasion of this difficulty the appellant and Duffy were giving vent to their political enthusiasm by way of indulging in what they called a "jollification" over the result of the general election of 1892, in which the party with which they affiliated had been victorious. In their journey of the streets and sidewalks of the city of Madison, their hats bedecked with conspicuous party emblems, and holding in their hands some small pieces of bones, designated by the witnesses as "rattles," these defendants reached a place where Thomas and Johnson were standing on a sidewalk. On their approach, the

latter were heard to remark that if Klein and Duffy came that way, they (Thomas and Johnson) would defend themselves. The unseemly noises and exultations of Klein and Duffy, and the "shaking of the rattles" toward the faces of Thomas and Johnson, who, it seems, were of opposite political persuasion to the former, so exasperated Johnson as to cause him to strike Klein upon the side of his head with the open hand, from the effects of which blow Klein either staggered or fell from the sidewalk out into the street. Klein, apparently much incensed by this act, turned and walked away from the place of the difficulty, uttering threats and violent language against Johnson and Thomas, and in a few minutes thereafter returned and approached them again until he reached a point almost directly opposite to where they were still standing engaged in a quarrel with Duffy. Klein, it appears, indulged in more threats and epithets, but did not come nearer to his antagonists than the side of the street opposite to Johnson and Thomas, and here he stood for some time, holding his hand in one of his pockets as if about to draw a weapon. In this connection Thomas and Johnson testified that Klein actually drew a pistol from his pocket and pointed it toward Thomas, upon which the latter "dodged" behind the boiler of an engine, near which he and Johnson were standing.

One other witness testified that Klein drew something from his pocket, which the witness took to be a black-handled pistol, but other witnesses, with equal opportunities for observing the occurrence, stated that Klein had no pistol drawn or pointed, one witness giving it as his impression that the article he held in his hand was a tobacco pipe.

Assuming, as we must, that there was sufficient evidence for the conclusion that Klein drew a pistol and

pointed it at Thomas, with threats to use it upon him, there was still a fatal lack of evidence to establish an assault. There was not a scintilla of evidence that the weapon was loaded and capable of inflicting bodily harm, or that the parties were in such proximity to each other that any attempt of Klein to injure Thomas could have succeeded, but for the latter's act in "dodging" behind the boiler, or the intervention of some influence other than the voluntary desistance of Klein.

Johnson's testimony shows that Klein was on the opposite side of the street from him and Thomas when the weapon was drawn.

The criminal code defines an assault to be an unlawful attempt, coupled with the present ability, to commit a violent injury. R. S. 1894, section 1983.

Under this statute, it has been held by the Supreme Court, that to constitute an assault there must be some effort to do physical violence, and that a mere purpose, however fully and forcibly expressed, is not sufficient, if unaccompanied by an actual attempt to carry it into execution. *Cutler* v. *State*, 59 Ind. 300.

Though there is, upon the subject of present ability, some conflict in the earlier cases, in this State, it is now settled that unless the attempt and present ability to commit the violence concur, there is no assault within the meaning of the statute. *Howard* v. *State*, 67 Ind. 401.

A person standing on the opposite side of even a very narrow street from another, pointing an unloaded pistol, or a pistol not shown by any evidence to have been loaded, at the other, and threatening to use it upon him, may be guilty of an offense under section 2068, R. S. 1894, but that offense is not an assault, neither is it embraced in the charge contained in the affidavit and information.

The appellant's alleged act in connection with the pistol is the one manifestly relied upon in the court below for a conviction, and it does not, in the view of the evidence most favorable to the State, amount to an assault.

The appellant's motion for a new trial should have been sustained.

Judgment reversed.

Filed March 7, 1894.