Filed October 29, 1895.

No. 1,718.

MARTIN v. STATE OF INDIANA.

CRIMINAL LAW.—*Assault.*—*What Constitutes.*—To make a case of assault, it must be made to appear that there was some unsuccessful effort on the part of the defendant to do physical violence to the person assaulted, and that the defendant had the present ability to commit such violence.

SAME.—*Assault.*—*Purpose to Injure.*—*Threats.*—A mere purpose to injure, however vigorously expressed, is not sufficient, unless it be accompanied by an effort to carry it into immediate execution.

SAME.—*Assault.*—*Sufficiency of Evidence*—That the evidence is sufficient to support a conviction of assault, see opinion.

From the Henry Circuit Court.

*J. H. Jones*, for appellant.

*W. A. Ketcham*, Attorney-General, *F. E. Beach*, Prosecuting Attorney, and *M. Moores*, for State.

REINHARD, C. J.—The appellant was tried for and convicted of an assault. The only question presented by the record is whether there was sufficient evidence to support the verdict of the jury.

Our statute defines an assault as an unlawful attempt, coupled with the present ability, to commit a violent injury. R. S. 1894, section 1983. To conform to the requirements of this statute, which somewhat limits the common law definition, it must appear that there was some unsuccessful effort on the part of the defendant to do physical violence to the party complaining, and that the defendant must possess the ability to commit such violence. *Klein* v. *State*, 9 Ind. App. 365. There must be some movement toward corporal violence. A mere purpose to injure, however vigorously expressed, is not sufficient unless it be accompanied by an effort to carry it into immediate execution. Gillett Crim. Law, section 222.

There seems to be no disagreement between the parties as to the facts proved. The only thing about which they do not agree is as to the inference to be drawn from those facts, or some of them, by the jury. It appears that the appellant is a brother of the wife of one Philip Jester, the latter being the person upon whom it is alleged the assault was committed. Jester and wife were living separately and apart. By some sort of judicial proceeding an order was obtained from the proper circuit court that the wife should have the care, custody, and control of the child, Holly Jester, subject, however, to the right of said Philip Jester to visit and see said child at all reasonable times.

At the time of the difficulty in question, the child, Holly Jester, was in the appellant's house, being dressed by its mother, when Philip Jester, the father of the child, came up to the door, just inside of which the

mother and child were sitting. Some words passed between the husband and wife, the former expressing a desire to take the child with him and the latter refusing to let him do so. Jester thereupon endeavored to open the screen door, at the same time demanding of the mother that the child be turned out to him. Appellant, who was then in the house and heard what took place, seized a stick of wood, the size of which and where he obtained it not being shown, and told Jester, perhaps with an imprecation, that if he did not go away from there he would knock his head off. There was evidence to show that at this point the appellant started at him (the prosecuting witness), and raising the stick over his head, said : "I'll knock your d—d head off," or "I'll knock your d—d brains out," and that Jester backed off and went out of the yard, saying to the appellant : "You would not hit a dead man, would you?" when the appellant repeated that he would knock his head off, and Jester retreated.

This is all the evidence of an assault, and we think it is very meager and unsatisfactory. Indeed, it is difficult to see how the jury and the trial court could come to the conclusion from it that an unsuccessful attempt at personal violence had been made by the appellant. Yet we doubt not that the jury had the right to infer from the acts and circumstances proved that such an attempt was actually made. If, as a matter of fact, the appellant approached Jester and at the same time endeavored to strike him with the stick in his hand, being prevented from executing his purpose only by the retreat of Jester, he was guilty of an assault. Whether such fact is inferable from the testimony alluded to depends much, of course, upon the manner and demeanor of the witnesses on the stand, as well as upon the words used by them. Even a gesture may sometimes go far

to illustrate or impress a statement. For this reason the jury and the trial court are in a much better position than we are to draw inferences and deductions from such statements. We do not feel warranted in disturbing the judgment.

Judgment affirmed.

Filed October 30, 1895.