## ASPY *v.* BOTKINS.

[No. 19,992.    Filed February 27, 1903.]

PHYSICIANS.—*Malpractice.—Complaint.—Contributory Negligence.*—The nature of an action for the negligence of a surgeon in treating an injury is such as to bring it within the provisions of the act of February 17, 1899 (Acts 1899, p. 58), and it is, therefore, not necessary for the plaintiff to allege and prove want of contributory negligence.  *p. 172.*

EVIDENCE.—*Physical Examination in Presence of Jury.*—In an action by a woman against a physician for negligence in treating an injury to her knee, it is not error for the court to refuse to permit another physician who was testifying as a witness for defendant to examine plaintiff's knee in the presence of the jury, since it would require a *quasi* public exposure of her person; and the fact that plaintiff subsequently offered to exhibit her knee to the jury did not operate to make the prior ruling improper.  *p. 173.*

WITNESSES. — *Physicians. — Privileged Communication. — Malpractice. —* In an action against a surgeon for malpractice, a physician who had treated plaintiff after defendant's employment had terminated is incompetent to testify over plaintiff's objection.  *pp. 173, 174.*

WITNESSES.—*Malpractice.*—*Plaintiff as Witness.*—*Privileged Communications.*—In an action against a surgeon for negligence in treating plaintiff's knee, the plaintiff can not be required to testify as to the manner of treatment by a physician employed after defendant's employment had terminated. *pp. 174, 175.*

PHYSICIANS.—*Malpractice.*—*Instruction.*—*License.*—In an action against a surgeon for malpractice, an instruction as to the degree of skill required of a physician is not erroneous for failure to state that the physician must have a license to practice. *p. 175.*

TRIAL.—*Incomplete Instruction.*—*Harmless Error.*—The giving of an incomplete instruction is not reversible error, where the omission was fully covered by other instructions given. *p. 175.*

SAME.—*Contradictory Evidence.*—*Instruction.*—Where a witness has made contradictory statements as to material matters in issue, it is proper to instruct the jury that they are the exclusive judges of the credibility of witnesses, and that, in determining the weight to be given to the testimony of such witness, they might take into consideration certain specified matters, and that it was for them to determine what weight they should give to the testimony. *pp. 175, 176.*

From Adams Circuit Court; *D. D. Heller,* Judge.

Action by Isabelle Botkins against Hiram M. Aspy. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*R. S. Peterson, C. O. France* and *C. J. Lutz,* for appellant.

*D. B. Erwin* and *D. E. Smith,* for appellee.

GILLETT, J.—Appellee's amended complaint charged appellant, a physician and surgeon, with negligence in the treatment of an injury that appellee had received in and about her right knee. A demurrer to said pleading, on the ground that it failed to state sufficient facts, was overruled, and appellant excepted. On issue joined, there was a trial that resulted in a verdict for appellee. Appellant filed a motion for a new trial, but his motion was overruled, and judgment was rendered for appellee upon the verdict. The assignments of error duly present the questions that we will hereafter discuss.

Appellant's counsel first present the question as to the sufficiency of the averment in the amended complaint as to appellee's non-contributory negligence. If the nature of the action is such as to bring it within the provisions of the act of February 17, 1899 (Acts 1899, p. 58, §359a Burns 1901), it is not material that appellee has unnecessarily sought to anticipate the defense, as the only contention upon this point is that the pleading does not go far enough sufficiently to charge that the injury of which she complained was occasioned without her contributory fault. The act referred to, so far as it is necessary to set it out, provides: "That hereafter in all actions for damages brought on account of the alleged negligence of any person, copartnership or corporation for causing personal injuries, or the death of any person, it shall not be necessary for the plaintiff in such action to allege or prove the want of contributory negligence on the part of the plaintiff, or on the part of the person for whose injury or death the action may be brought." What is meant by the words, "actions for damages brought on account of the * * * negligence of any person * * * for causing personal injuries?" The phraseology is awkward. Bearing in mind, however, that the title of the act relates to pleadings "in actions for damages for injuries * * * caused by * * * negligence," and that the act is remedial, and designed to change in part a rule of pleading, the correctness of which was originally doubtful, we think that we are justified in construing the act as though the General Assembly had omitted the word "for," as it is used before the word "causing." The subject-matter is actions for negligence resulting in injuries to the person. The cause is the negligence; the effect is the injury. Thus construing the act, it was not necessary that the complaint in question should have anticipated what the statute has made a matter of defense.

While appellant was upon his case in chief, and one of his attorneys was examining a physician and surgeon called as a witness in his behalf, such attorney made the request that the witness be allowed to examine appellee's right knee in the presence of the jury, that he might testify as to the condition of such knee at that time. Objection was made to the granting of this request, and the court refused so to order. Where the ends of justice require it, it is the duty of the court, upon a timely application, to grant a reasonable request to have the plaintiff in a personal injury case, on the penalty of a nonsuit, submit to a physical examination with reference to the injury he claims to have sustained. *City of South Bend* v. *Turner,* 156 Ind. 418, 54 L. R. A. 396, 83 Am. St. 200. The right is not, however, coextensive with the power of cross-examination, and some latitude of discretion must be recognized as existing in the trial court. Each case must rest on its own foundation, and the defendant who complains, upon appeal, that the trial court abused its discretion, in refusing to make the order, must be able to present a case where it is plain that the request should have been granted. We are satisfied that error does not appear in the present instance, for the reason, if for no other, that it required the appellee, a woman, to make a *quasi* public exposure of her person. It is true that in this case the appellee subsequently offered to exhibit her limb to the jury, but this did not operate to make the prior ruling improper. In announcing such ruling the court said: "At this present time I will not grant the request." The motion should have been made after appellee offered to expose her limb, to present any question.

On the objection of appellee, the court excluded portions of the testimony of certain physicians and surgeons, called as witnesses by appellant, on the ground that such matters were privileged within the statute. Appellee called on these persons for examination and treatment after the service of appellant was at an end, and it does not even appear

that he was present or had any knowledge of her purpose to consult them. The case does not fall within the ruling announced in *Lane* v. *Boicourt,* 128 Ind. 420, 25 Am. St. 442.

While appellant was introducing evidence upon his own behalf, his counsel called appellee to the stand, and asked her whether Dr. McCaskey had taken an x ray photograph or sciagraph of her right knee. Objection was made to the question, and, pending a ruling, by leave of court, appellee's counsel proved by her that whatever Dr. McCaskey had done in relation to her knee had been done in treating her limb. Appellant's counsel thereupon made an offer to prove, which was refused, and an exception taken. In terms, our statute only purports to render the physician or surgeon an incompetent witness as to the matters therein specified, but it is evident that the protection would amount to nothing, in the case of an honest suitor, if the latter could be compelled to make the disclosure. It is well settled in the United States that a party can not be compelled to testify to a communication made by him to his attorney for the purpose of receiving professional advice. *Bigler* v. *Reyher,* 43 Ind. 112; *Wilson* v. *Troup,* 7 Johns. Ch. 25; *Carnes* v. *Platt,* 36 N. Y. Super. Ct. 361; *Hemenway* v. *Smith,* 28 Vt. 701; *State* v. *White,* 19 Kan. 445, 27 Am. Rep. 137; Wharton, Evidence (3d ed.), §583. In the case last cited Horton, C. J., speaking for the court, said: "The statute provides that an attorney shall be incompetent to testify concerning communications made to him by his client in that relation, or his advice thereon, without the client's consent. The statute would be of no utility or benefit, if the client could be compelled, against his consent, to make such disclosures. It would be absurd to protect by legislative enactment professional communications, and to leave them unprotected at the examination of the client." Our case of *Bigler* v. *Reyher, supra,* although it related to a communication made to an attorney, rules this case, for

the legislation is practically the same in both instances. It is hardly necessary to observe that if the consultation was itself protected, a like protection would extend to the mute voucher thereof.

We proceed to the consideration of the instructions given by the court. It is objected that instruction number three, concerning the degree of skill that a person holding himself out to the public as a physician and surgeon should possess, omits to state that he must have a license to practice. This objection does not warrant discussion.

Instruction number seven, by its express terms, related to the injuries on which appellee's action was based, and is therefore not open to the objection that it authorized a recovery, although there was no dislocation of the knee and no injury to the ligaments.

Instruction number nine, relative to the duties of physicians and surgeons, is not objectionable because it omitted to instruct on the subject of contributory fault. The court gave three instructions upon this subject that were tendered by appellant's counsel. Two of these instructions not only dealt with the general proposition, but contained very explicit statements of the duties of the patient, and as to the effect of a neglect to observe such duties. The jury could not have been mislead upon the subject of contributory fault.

The objection to instruction number eleven is not well founded. Where a witness has made contradictory statements concerning material matters, it is for the jury to determine whether it will give any weight to his testimony, yet this was the effect of the court's statement, at the close of the instruction, that it was for the jury to determine what weight they would give to the testimony. Counsel for appellant claim that by this instruction the court, in effect, stated to the jury that some weight must be given to the testimony of a witness, although he has been successfully contradicted by his own statements. In the first part of

said instruction the jurors were told that they were the exclusive judges of the credibility of the witnesses, and the court next stated to the jury that in determining the weight to be given to the testimony of a witness they might consider a number of matters that were pointed out to them. Some of the elements that the court mentioned were elements of weakness in the testimony of a witness and some were elements of strength, but the whole question was left to the jury by the usual statement that they might consider whether such matters existed, and it was after so doing that the court used the language now called in question. We think that the objection is, at most, but a verbal refinement, and in view of instruction number two, given by the court on its own motion, we dismiss the question without further comment.

Instruction number twelve related to the measure of damages. Without extending this opinion to set out or discuss this instruction, we have to say that it is wholly unobjectionable.

There was some evidence upon every material issue tendered by the complaint. We can not disturb the verdict upon the mere weight of evidence. There is no error in the record.

The death of appellee since the submission of this cause has been suggested. Judgment affirmed as of the date of submission.