Underhill *v.* State—185 Ind. 587.

---

## Underhill *v.* State of Indiana.

[No. 23,112.    Filed November 23, 1916.]

1.  Criminal Law.—*Affidavit.*—*Sufficiency.*—*Initial Attack on Appeal.*—*Statute.*—Since the enactment of the Act of 1911, Acts 1911 p. 415, §348 Burns 1914, providing that objections to a complaint that are not taken by demurrer or answer are waived, the sufficiency of an affidavit in a criminal case cannot be questioned for the first time by an independent assignment of error on appeal.  p. 589.

2.  Appeal.—*Assignment of Error.*—*Waiver.*—*Briefs.*—An assignment of error challenging the sufficiency of an affidavit in a criminal case is waived on appeal where appellant's brief fails to state any proposition or point relating to it, as required by the rules of the Supreme Court.  p. 589.

3. APPEAL.—*Briefs.*—*Rules of Court.*—*Good Faith Compliance.*— While the rules of the Supreme Court require that appellant's brief set out the motion for a new trial to present any question as to the correctness of the trial court's ruling thereon, yet where appellant has made a good faith effort to comply with such rule by setting out the substance of the motion for a new trial, the questions so presented will be considered and determined. p. 590.

4. WEAPONS.—*Drawing or Threatening to Draw Dangerous Weapon.* —*Elements of Offense.*—It is the drawing, or threatening to draw, a pistol or other deadly weapon that constitutes the offense defined by §2344 Burns 1914, Acts 1905 p. 687, and in a prosecution based thereon it was unnecessary to prove that the pistol drawn was loaded, or that there was a present ability to commit an assault. p. 590.

5. CRIMINAL LAW.—*Drawing Deadly Weapon.*—*Motive.*—*Evidence.*— In a prosecution based on §2344 Burns 1914, Acts 1905 p. 687, making it an offense to draw or threaten to draw a pistol, the admission of evidence of previous quarrels between the defendant and the prosecuting witness for the purpose of showing the motive of the act charged was erroneous, since the question of motive is not in issue in such a prosecution. p. 591.

6. CRIMINAL LAW.—*Evidence.*—*Other Offenses.*—Proof of other crimes or occurrences of similar nature is only permissable in the trial of a criminal charge in those cases where the act constituting the crime under investigation has been clearly established and the motive, intent, or guilty knowledge of the defendant is in issue. p. 592.

7. CRIMINAL LAW.—*Evidence.*—*Other Offenses.*—In a criminal prosecution the State will not be permitted to depart from the issue and introduce evidence of extraneous misconduct that has no natural connection with the pending charge, and which is calculated to prejudice the accused in his defense. p. 592.

8. CRIMINAL LAW.—*Appeal.*—*Improper Evidence.*—*Presumption.*— The admission of improper evidence will be presumed on appeal to be harmful unless the contrary is made to appear. p. 592.

9. CRIMINAL LAW.—*Evidence.*—*Failure of Defendant to Testify at Former Hearing.*—In a prosecution for drawing a deadly weapon it was reversible error for the trial court to compel the defendant to testify that he did not testify at a former hearing of the case, since he was not bound to appear as a witness at such hearing and his failure to do so should not, therefore, have been received as evidence of his guilt. p. 592.

10. WITNESSES.—*Privileged Communications.*—*Attorney and Client.* —The defendant in a criminal prosecution cannot be compelled to testify as to a communication made by him to his attorney for the purpose of receiving professional advice. p. 593.

From Henry Circuit Court; *Fred C. Gause,* Judge.

Prosecution by the State of Indiana against Alfred C. Underhill. From a judgment of conviction, the defendant appeals. *Reversed.*

*Forkner & Forkner,* for appellant.

*Evan B. Stotsenburg,* Attorney-General, and *Thomas H. Branaman,* for the State.

ERWIN, J.—Appellant was charged, by affidavit, in the mayor's court of the city of Richmond, with unlawfully drawing a certain dangerous and deadly weapon, to wit, a pistol, upon the person of John A. Weidenbach. A trial in the city court resulted in a conviction from which an appeal was taken to the Wayne Circuit Court and a change of venue was there taken from that court to the Henry Circuit Court where a trial by jury resulted in a finding of guilty and judgment that appellant be fined in the sum of .$250, and that he be committed to the Indiana State Farm for a period of ninety days. From the judgment this appeal is prosecuted.

The errors assigned are: (1) that the court erred in overruling appellant's motion for new trial, and (2) that the affidavit does not state a public offense or facts sufficient to constitute a public offense.

No motion to quash the affidavit was ever made by appellant. Since §3 of the act approved March. 4, 1911 (Acts 1911 p. 415, §348 Burns 1914),

1.  took effect the right to question the sufficiency of the affidavit for the first time by an assignment of error on appeal has not existed. *Robinson* v. *State* (1911),. 177 Ind. 263, 97 N. E. 929; *Boos* v. *State* (1913), 181 Ind. 562, 105 N. E. 117; *Robinson* v. *State* (1915), 184 Ind. 208, 110 N. E. 980. Appellant has also waived any error by

2.  failing to state any proposition or point in his brief relating to it as required by the rules of this court. *Robinson* v. *State; supra.*

Appellee contends that the first assignment of error presents no question for the reason that the motion for a new trial is not set out in the brief of appellant as required by the rules of this court and sites *Gilmore* v. *State* (1911), 177 Ind. 148, 97 N. E. 422, where this court says: "It has uniformly been held that if appellant does not set out in his brief the motion for a new trial or the substance thereof, or grounds assigned therefor, relied on for reversal, no question as to the correctness of the court's action in overruling said motion is presented." Conceding that the above rules may be invoked in a 3. proper instance, it must also be borne in mind that their purpose is to guide the preparation of briefs which are presented to this and the Appellate Court so as to enable the several members of either tribunal readily to understand the questions which are presented for decision without resort to the record in the case then under consideration. Where a good-faith effort to comply with such rule appears to have been made, the questions so presented will be considered and determined. *Repp* v. *Indianapolis, etc., Traction Co.* (1915), 184 Ind. 671, 111 N. E. 614. In this case the substance of the motion for a new trial is set out in the brief.

Appellant contends that to constitute an offense under §2344 Burns 1914, Acts 1905 p. 687, the evidence must show that the weapon drawn was loaded and that the appellant had the present ability to injure John A. Weidenbach. Upon this contention is based appellant's first six causes for new trial.

It has been said by this court that a person standing on one side of even a very narrow street pointing an unloaded pistol or a pistol, not 4. shown by any evidence to have been loaded, at another person on the opposite side of the street and threatening to use it upon him, may be

guilty of an offense under §2068 Burns 1894, §1984 R. S. 1881. Section 2344 Burns 1914, Acts 1905 p. 687, has the same provision. That offense is not an assault. *Klein* v. *State* (1893), 9 Ind. App. 365, 36 N. E. 763, 53 Am. St. 354. It is the drawing or threatening to draw a pistol or other deadly weapon upon another person that is the criminal act in the section under consideration. *Plummer* v. *State* (1893), 135 Ind. 308, 319, 34 N. E. 968. It was to prevent foolhardy acts, whereby human life and limb are endangered, by making them crimes and providing punishment therefor that the statute against drawing deadly weapons was enacted. *Siberry* v. *State* (1897), 149 Ind. 684, 697, 39 N. E. 936, 47 N. E. 458. We are of the opinion that appellant's contention must fail for the reason that it was not necessary to prove that the pistol was loaded and that there was a present ability to commit an assault.

Appellant in his motion for a new trial contends that the court erred in permitting the witness Weidenbach to answer, over appellant's obtion, the question, "Now on the Saturday preceding this day (the day named in the affidavit) state whether or not you had any trouble with Mr. Underhill, the defendant?"—on the ground and for the reason that "there is no evidence tending to show any connection between the two transactions. Those transactions were entirely separate and distinct and whatever occurred on a former occasion out there on the farm is not admissible in this trial, as to what occurred on this occasion when there is no question of motive or intent involved." Appellant also moved to strike out the answer for the same reasons, which motion was likewise overruled by the court. The court's ruling was based upon the right to show motive in

doing the act. As seen in the case of *Siberry* v. *State*, *supra*, there is no question of motive in issue in such a case as this.

The proof of other crimes or occurrences of similar nature is only permissible in the trial of a criminal charge in those cases where the act constitut-

6. ing the crime under investigation has been clearly established and the motive, intent, or guilty knowledge of the defendant is in issue. *Kahn* v. *State* (1914), 182 Ind. 1, 105 N. E. 385.

The State will not be permitted to depart

7. from the issue and introduce evidence of extraneous misconduct that has no natural connection with the pending charge, and which is calculated to prejudice the accused in his defense. *Rock* v. *State* (1915), *ante* 51, 110 N. E. 212, and cases cited. The trial court therefore committed error in this and many other rulings made involving the same question. Where improper evidence has been interposed, it will be pre-

8. sumed to be harmful, unless the contrary is made to appear. *Rock* v. *State*, *supra*. By reason of the error in admitting evidence of other quarrels and transactions of similar and different nature not connected with the charge being tried the judgment should be reversed.

Appellant contends that the court erred in compelling the appellant to testify that he did not testify in a previous hearing of the case.

9. This evidence must have been introduced for the purpose of showing the defendant's admission that he did draw a pistol upon the person of John A. Weidenbach. Assuming that the appellant was a witness and testified in his own behalf in the former hearing at Richmond, still he was not bound to do so, and the fact that he did not should not have been received as evidence of his guilt.

The court committed reversible error in overruling appellant's objection to the question. *Broyles* v. *State* (1874), 47 Ind. 251.

Appellant also objected to the State asking him concerning communications to his attorney and his attorney to him. A party cannot be compelled to testify as to a communication made by him to his attorney for the purpose of receiving professional advice. The court erred in overruling appellant's objections to such questions. *Aspy* v. *Botkins* (1902), 160 Ind. 170 and cases cited on page 174, 66 N. E. 462. For the reasons above mentioned the judgment should be reversed, which is accordingly ordered with instructions to the court below to sustain appellant's motion for a new trial.

Note.—Reported in 114 N. E. 88. Evidence of other crimes in criminal case, 62 L. R. A. 193; admissibility of evidence, tending to prove other crimes, to prove motive, 7 Ann. Cas. 66, 44 Am. Rep. 299; 105 Am. St. 976. Communications between attorney and client as priviledged, Ann. Cas. 1913A 3; 4 Ann. Cas. 531.