[No. 17925.  *En Banc.*  January 7, 1924.]

# H. M. HANSEN *et al., Respondents,* v. L. T. SANDVIK *et al., Appellants.*[1]

WITNESSES (55)—PRIVILEGED COMMUNICATIONS WITH PHYSICIAN. X-ray pictures taken by one's personal physician are privileged communications, and inadmissible against a party, unless the objection is waived.

DAMAGES (120)—PERSONAL INJURIES—PHYSICAL EXAMINATION. It is not error to refuse an application for the appointment of a physician of appellant's own selection to examine an X-ray plate, where a disinterested physician was appointed.

APPEAL (460)—HARMLESS ERROR—INSTRUCTION. An instruction will not be held prejudicially confusing when, in connection with other instructions, the jury would not have misconstrued it.

MUNICIPAL CORPORATIONS (391, 392)—USE OF STREETS—COLLISION AT CROSSINGS—NEGLIGENCE—INSTRUCTIONS. In an action for damages in an automobile collision, it is not error to instruct that contributory negligence must have "materially" contributed to the injury.

TRIAL (102)—INSTRUCTIONS—REQUEST—PARTLY ERRONEOUS. Error cannot be predicated upon the refusal to give requested instructions in an automobile collision case, which, while correct in the main, contained erroneous references to the "sole" cause of the accident, negligence "in any particular," and "at fault" instead of referring to the negligence alleged; since the court is not required to separate the bad from the good portions of the request.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered November 27, 1922, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for damages sustained in an automobile collision. Affirmed.

*Tucker & Hyland* and *Ford Q. Elvidge,* for appellants.

*James R. Chambers,* for respondents.

[1]Reported in 222 Pac. 205.

MACKINTOSH, J.—Respondents sued appellants for damages by reason of physical injuries to the respondent wife, in the sum of $3,000; for loss of service and medical services in the sum of $700, and damages to their Ford delivery truck in the sum of $150, resulting from a collision between their truck and appellants' Scripps-Booth automobile. Several acts of omission and commission on the part of the appellant husband in driving the car of appellants, both under the law generally and the city ordinances, were alleged as grounds of recovery.

Appellants answered by general denials and affirmatively pleaded contributory negligence, and cross-complained, asking damages for injuries to their automobile in the sum of $300, caused by the same collision, and alleging the same to have been the result of respondents' negligence in the operation of their truck, under the law generally and the city ordinances. These were put in issue by a general denial.

The jury awarded respondents damages in the sum of $1,000, which the court, after motion for judgment notwithstanding the verdict and for a new trial, allowed to stand.

The collision occurred about 8 o'clock in the evening, January 14, 1922, at the intersection of Thirty-ninth avenue southwest and Admiral Way, in West Seattle. The night was rather dark and somewhat foggy. Respondents were both in their truck, the husband driving, and were proceeding easterly across the bridge, intending to cross Thirty-ninth avenue and continue east on Admiral Way, and had reached the intersection of Thirty-ninth and Admiral Way and were crossing Thirty-ninth when they came into collision with appellants' car, driven by the appellant husband, who was proceeding westerly along Admiral Way, and had

turned to the left, or south, at the intersection of the two streets, with the intention of proceeding southward on Thirty-ninth avenue southwest.

The version of respondents as to how the collision occurred and the negligence of appellants, amply supported by evidence, was sufficient to take the case to the jury upon the grounds of appellants' negligence. So, also, was the version and evidence of appellants as to how the collision occurred sufficient to take the case to the jury on the question of respondents' negligence. There was, therefore, no reason for granting judgment notwithstanding the verdict. The only question is whether a new trial should have been granted.

There was no error in denying appellants' application for the appointment of a physician to examine certain X-ray plates of the injuries to the skull of Mrs. Hansen which had been taken by her personal physician. As a matter of fact, the X-ray plates were examined by a disinterested physician appointed by the court. The picture taken by respondents' personal physician was in the nature of a private communication between the physician and his patient which, until waived by being introduced in evidence by respondents, could not be used by appellants. *Aspy v. Botkins,* 160 Ind. 170, 66 N. E. 462.

Neither was there error in the denial by the trial court of appellants' application for a physician to examine the respondent or her X-ray plate. The application was for a physician of appellants' own selection. To have granted that would have been error. *Just v. Littlefield,* 87 Wash. 299, 151 Pac. 780, Ann. Cas. 1917D 705. But the court did appoint a disinterested physician, thus exercising its discretion, and having done so, it was not error to refuse to permit further physical examination. *Helbig v. Grays Har-*

*bor Electric Co.,* 37 Wash. 130, 79 Pac. 612; *Dunkin v. Hoquiam,* 56 Wash. 47, 145 Pac. 149.

Instruction No. 12 is complained of on the ground that it could only tend to confuse the jury, and was incapable of consideration and analysis by the jury. It is as follows:

"Negligence, in order to constitute a ground for recovery or defense to an action of this character, must be the proximate cause of the accident; in other words, if you should find that either the plaintiff or defendant was negligent in any of the particulars alleged in the complaint, answer or cross-complaint, you would not be justified in awarding relief to either party unless you should further find that such negligence was the proximate cause, or proximately contributed to the accident complained of."

We do not believe that the above instruction, taken in connection with other instructions defining negligence, contributory negligence and proximate cause, was in any way confusing to the jury. Appellants contend that, under this instruction, the negligent party could get relief if his negligence was the proximate cause, or proximately contributed to the accident. Under this and other instructions, we do not believe that the jurors would so construe the instruction.

Another instruction complained of, No. 16, is criticized because it tells the jury that, upon the defense of contributory negligence, the negligence of the plaintiff, if any, must have *"materially* contributed to the accident of which plaintiffs complain. . . ."

Appellants contend that this instruction introduces a new element into the law of contributory negligence; that of *materially* contributing to the accident. "Material" is defined as "important," "more or less necessary," "having influence or effect," etc. Black's Law Dictionary. And "a material fact is one that is essen-

tial to the claim or defense, application, etc. without which it could not be supported.'' Black's Law Dictionary. The word ''materially'' means and is understood the same in the ordinary vernacular as in its technical definition. We do not consider that this instruction was prejudicially erroneous. Although we have held that, where plaintiff's ''negligence contributed materially in any degree'' (*Reed v. Spokane,* 21 Wash. 218, 57 Pac. 803), the jury should find for the defendant, yet the instruction is not to be commended and it would be better to give the more conventional one.

The most serious questions arising upon this appeal are the refusal of the court to give instructions requested by appellants.

Under the evidence adduced by the parties, the jury might have found for either one, according to its credibility. Both parties were claiming affirmative relief. Both parties were claiming that the other was negligent. It is true that the trial court gave instructions generally that were free from error and defined negligence, contributory negligence and proximate cause, and submitted the issues as presented by the pleadings of the parties, respectively, very concisely and clearly to the jury. Appellants' requested instructions upon their theory of the case, to the effect that, if both plaintiff and defendant were negligent, and the jury should believe that the negligence of the plaintiffs contributed to the collision, then and in that event their verdict should be for the defendant; and before they could find against the defendants they must be in a position to believe from the preponderance of the evidence that the negligence of the defendant was the ''sole'' cause of the collision. Criticism is made of the use of the word ''sole'' in the foregoing instruction. The balance

of the instruction correctly states the law, but it is apparent that the defendant could be liable though his negligence was not the "sole" cause of the accident. *Redford v. Spokane Street R. Co.,* 15 Wash. 419, 46 Pac. 650; *Howe v. West Seattle Land & Imp. Co.,* 21 Wash. 594, 69 Pac. 495; *Eskildsen v. Seattle,* 29 Wash. 583, 70 Pac. 64; *Akin v. Bradley Engineering & Machine Co.,* 48 Wash. 97, 92 Pac. 903, 14 L. R. A. (N. S.) 586; *Thoresen v. St. Paul & Tacoma Lumber Co.,* 73 Wash. 99, 131 Pac. 645, 132 Pac. 860.

The court was also requested to instruct that, if they found that plaintiff was guilty of negligence in "any particular" while driving his car at the time of the collision, and if they also found that the defendant was guilty of negligence in "any particular" while driving his car at the time of the collision, that the negligence of both the plaintiff and the defendant was the proximate cause of the collision, and that in that event neither the plaintiff nor defendant could recover. This instruction is subject to the criticism that it was loosely and ambiguously drawn by the use of the words "in any particular," instead of words referring to the negligence alleged in the pleadings.

The court was also requested to instruct that if the jury believed from the preponderance of the evidence that both the plaintiffs and the defendants were at fault, or that the negligence of both the plaintiffs and the defendants contributed to the collision, then and in that event their verdict should be for the defendant and no damages should be assessed to either party. This instruction is also subject to the criticism that it uses the words "at fault" rather than referring to the negligence alleged.

Respondents attack the requested instructions on the ground that they were not good in law, for the

defects heretofore pointed out. Those defects were included in requested instructions which otherwise correctly stated the law and it may be that a correction by the court would have remedied the defects. Although the defendants were entitled to have the jury instructed on their theory of the case, if there was any evidence to support it (*Jones v. Seattle,* 23 Wash. 753, 63 Pac. 553, and *State v. Messner,* 43 Wash. 206, 86 Pac. 636), yet they were not entitled to have instructions given containing any misstatement of the law, even though they were in the main free from error, for, as we have said before, the court is not compelled to separate the bad portions from the good portions in requested instructions, even though the separation is not difficult. See *Fehler v. Montesano,* 110 Wash. 143, 188 Pac. 5, where our cases on this subject were collected.

Finding no error, the judgment is affirmed.

MAIN, C. J., BRIDGES, FULLERTON, PARKER, TOLMAN, MITCHELL, and PEMBERTON, JJ., concur.