[No. 42474.    En Banc.    October 25, 1973.]

DONALD NEIL McDONALD, *Appellant*, v. JOHN S. MURRAY
et al., *Respondents*.

*Thomas J. Chambers* and *Robert Earl Smith,* for appel-
lant.

*Moriarty, Long, Mikkelborg & Broz* and *Riddell, Wil-
liams, Voorhees, Ivie & Bullitt,* by *Stephen E. DeForest,* for
respondents.

WRIGHT, J.—This is an action for libel. Appellant-plaintiff
was a candidate for the state Senate from the first district
in the 1968 primary election, and in 1969, a candidate for a
position on the King County Council. Respondent, John S.
Murray, was the principal stockholder in Queen Anne
News, Inc., which corporation published several community
newspapers, including The Lake City Star. Respondent
Murray was editor of The Lake City Star.

The 1968 primary election was held on Tuesday, Septem-
ber 17, 1968. On September 11, 1968, an editorial was pub-
lished in The Lake City Star.

The primary election for positions on the King County Council was on February 11, 1969. On January 29, 1969, an editorial unfavorable to appellant was printed in The Lake City Star.

In the 1968 primary election, appellant's opponent for the Republican nomination for the Senate was Francis E. Holman. The editorial of September 11, 1968, was largely devoted to praise of Holman, and contained nothing actionable. It is only referred to by appellant to show respondent Murray's "strong personal dislike" for appellant.

The editorial of January 29, 1969, was less restrained. Appellant was the contractor for the construction of a school building, the new Horizon View Elementary School, for the Shoreline School District. Respondent alleged appellant was unduly slow in completing the building. In connection with the delay issue respondent said: "McDonald has cost the district time, money and aggravation."

On the same subject of delay in construction, respondent said appellant had endangered the lives of children by delay in getting them out of the old building. It was also said the new building was "scheduled for completion last August 15." Appellant contends that statement was misleading due to delays in letting the contract.

The other allegation related to some four liens filed by subcontractors after appellant had certified that all work had been paid for. In the editorial, the certification was referred to as an "affidavit" which, appellant contends, implied he was guilty of perjury.

The editorial stated a bill was pending in the legislature at that time which would remove any doubt that appellant was guilty of larceny. The bill referred to was house bill No. 154 in the 1969 regular session. Murray was one of the sponsors of the bill. A similar bill, house bill No. 734, passed the House in the 1967 session, but did not pass the Senate.

Appellant complains because the editorial stated the penalty provided in house bill No. 154 was "up to five years in jail and a $10,000 fine"; whereas the bill actually provided

"for imprisonment of not more than five years or a fine of $5,000, or both."

The trial court granted to defendants (respondents) a summary judgment of dismissal. We are here concerned with the propriety thereof.

■ The rule is that a summary judgment will be granted only if there is no genuine issue as to a material fact. *Barber v. Bankers Life & Cas. Co.*, 81 Wn.2d 140, 500 P.2d 88 (1972), and cases cited therein.

A "material fact" is defined in *Hansen v. Sandvik*, 128 Wash. 60, 63, 222 P. 205 (1924), as follows:

"Material" is defined as "important," "more or less necessary," "having influence or effect," etc. Black's Law Dictionary. And "a material fact is one that is essential to the claim or defense, application, etc. without which it could not be supported." Black's Law Dictionary.

■ Even if as is contended by appellant, the statements contained in the editorial of January 29, 1969, were highly unfair, they were not actually untrue. While it is obvious and admitted that respondent Murray did not like appellant, such does not constitute actual malice. *New York Times Co. v. Sullivan*, 376 U.S. 254, 11 L. Ed. 2d 686, 84 S. Ct. 710, 95 A.L.R.2d 1412 (1964). "Actual malice" is therein defined as "with knowledge that it was false or with reckless disregard of whether it was false or not." That the term "actual malice" does not include hostility, vindictiveness, nor spite is also stated in *Beckley Newspapers Corp. v. Hanks*, 389 U.S. 81, 19 L. Ed. 2d 248, 88 S. Ct. 197 (1967), and *Greenbelt Cooperative Publishing Ass'n v. Bresler*, 398 U.S. 6, 26 L. Ed. 2d 6, 90 S. Ct. 1537 (1970).

In *St. Amant v. Thompson*, 390 U.S. 727, 20 L. Ed. 2d 262, 88 S. Ct. 1323 (1968), it was said: "Failure to investigate does not in itself establish bad faith." In the instant case, respondent Murray did make investigation; he examined records and interviewed the school district employee in charge of construction. There being nothing to indicate actual malice as defined in the cases cited, and substantial

negation thereof, the summary judgment must be and is affirmed.

FINLEY, ROSELLINI, HUNTER, HAMILTON, and STAFFORD, JJ., and LAWLESS, J. Pro Tem., concur.

BRACHTENBACH, J. (concurring)—While I agree with the result and rationale of the majority opinion, I would use this case to put to rest what I conceive to be a fundamental error in *Tait v. KING Broadcasting Co.*, 1 Wn. App. 250, 255, 460 P.2d 307 (1969), wherein the court held that motions for summary judgment in libel cases, involving First Amendment guarantees, require the trial court to determine "whether there is substantial evidence presented which, if believed, could persuade a jury with convincing clarity the defendant was guilty of maliciously making a libelous statement."

Inherent in the quoted language, as I read it, is an invitation for the trial court to pass upon credibility, to weigh the "evidence" to determine if it is substantial, to determine if it might persuade a jury, with convincing clarity, of the defendant's "guilt" as to a maliciously false statement.

Such a weighing, such a scrutiny of the "evidence" are all elements foreign to the concept of the summary judgment proceedings.

> It is not the function of the trial court at the summary judgment hearing to resolve any genuine factual issue, including credibility; and for purposes of ruling on the motion all factual inferences are to be taken against the moving party and in favor of the opposing party . . . Discretion plays no real role in the grant of summary judgment . . .

(Footnotes omitted.) 6 J. Moore, Federal Practice ¶ 56.15 [8], at 2440 (2d ed. 1972).

The defendant in a libel case who invokes First Amendment guarantees of free speech and free press as related to a "public figure" has all of the protections correctly set forth in *Tait v. KING Broadcasting Co., supra.* The plaintiff starts with a very heavy burden. There is no need to

create a special criterion for the summary judgment process in this type of case.

Under the United States Supreme Court decisions, it is true that the evidence must be of a character described as convincing clarity. It is appropriate that the trial court, at the summary judgment stage, determine whether the evidence is of that character. The trial judge, however, should not determine whether the evidence is substantial, believable or to otherwise weigh the evidence.

This is no different from the trial court's determining whether the evidence, at summary judgment, is clear, cogent and convincing, as required in some cases or that the evidence does or does not show gross negligence.

In this particular case, the result under my approach would be the same as that reached by the majority. The plaintiff here simply did not come forward with any proof suggesting actual malice within the requirements of *New York Times Co. v. Sullivan,* 376 U.S. 254, 11 L. Ed. 2d 686, 84 S. Ct. 710, 95 A.L.R.2d 1412 (1964); *Beckley Newspapers Corp. v Hanks,* 389 U.S. 81, 19 L. Ed. 2d 248, 88 S. Ct. 197 (1967); and *Greenbelt Cooperative Publishing Ass'n v. Bresler,* 398 U.S. 6, 26 L. Ed. 2d 6, 90 S. Ct. 1537 (1970). Indeed, this case demonstrates that application of the usual rules of summary judgment proceedings, subject to the standard of proof of convincing clarity, would put the plaintiff to a difficult burden, not because of any broad modification of these well understood summary judgment principles, but rather due to the extremely stringent proof which a "public figure" plaintiff must meet at all stages of a lawsuit, including his defense of a motion for summary judgment.

HALE, C.J., FINLEY, J., and LAWLESS, J. Pro Tem., concur with BRACHTENBACH, J.

HALE, C.J. (concurring)—I concur, but would add:

In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall

22

be otherwise reexamined in any court of the United States, than according to the rules of the common law.

U.S. Const. amend. 7. And

The right of trial by jury shall remain inviolate . . .

Const. art. 1, § 21.

Petition for rehearing denied December 12, 1973.