[No. 4433–1. Division One. April 18, 1977.]

IRVING A. GARBELL, *Appellant,* v. TALL'S TRAVEL
SHOP, INC., *Respondent.*

*Alan Corner,* for appellant.

*Sullivan, Morrow & Longfelder* and *Donovan R. Flora,* for respondent.

CALLOW, J.—The plaintiff, Irving A. Garbell, appeals from an order granting the defendant Tall's Travel Shop, Inc.'s motion for summary judgment. The sole issue is whether the trial court erred in granting summary judgment in a dispute over an oral contract.

█ █ A motion for summary judgment should be granted only if, after considering the pleadings, affidavits, depositions, and all reasonable inferences drawn therefrom in favor of the nonmoving party, a trial court determines that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *LaPlante v. State,* 85 Wn.2d 154, 531 P.2d 299 (1975); *Wilber Dev. Corp. v. Les Rowland Constr., Inc.,* 83 Wn.2d 871, 523 P.2d 186 (1974); *McDonald v. Murray,* 83 Wn.2d 17, 515 P.2d 151 (1973); *Ciminski v. Finn Corp.,* 13 Wn. App. 815, 537 P.2d 850 (1975). A summary judgment should not be used as a means to "cut litigants off from their right to a trial." *Bernal v. American Honda Motor Co.,* 87 Wn.2d 406, 416, 553 P.2d 107 (1976). Summary judgment as a means to avoid a useless trial is more appropriate in some cases than in others. *See* 6 J. Moore, *Federal Practice* ¶ 56.17 (2d ed. 1976). Summary judgment may be appropriate in resolving the dispute over an unambiguous written contract. *See Pine Corp. v. Richardson,* 12 Wn. App. 459, 530 P.2d 696 (1975); *Central Credit Collection Control Corp. v. Grayson,* 7 Wn. App. 56, 499 P.2d 57 (1972); Trautman, *Motions for Summary Judgment: Their Use*

*and Effect in Washington,* 45 Wash. L. Rev. 1, 5 (1970); 6 J. Moore *Federal Practice* ¶ 56.17 [11] (2d ed. 1976). However,

> Oral contracts are often, by their very nature, dependent upon an understanding of the surrounding circumstances, the intent of the parties, and the credibility of witnesses. If a dispute exists with respect to the terms of the oral contract, then summary judgment is not appropriate. Instead, the trier of fact in a trial setting should make the final determination with respect to the existence of the contractual agreement.

*Howarth v. First Nat'l Bank,* 540 P.2d 486, 490 (Alas. 1975), *aff'd,* 551 P.2d 934 (Alas. 1976). *See Old West Enterprises, Inc. v. Reno Escrow Co.,* 86 Nev. 727, 476 P.2d 1 (1970); *Karnofsky v. 4548 Main St., Inc.,* 192 N.Y.S.2d 577 (Sup. Ct. 1959).

Here, the plaintiff alleged in his complaint that the defendant entered into a bonus agreement. In an affidavit filed in response to the defendant's motion for summary judgment, the plaintiff contended that under the agreement he

> was to receive an amount equal to one percent of gross receipts on credit sales for 1973 less bad debts for that year. Gross receipts were $415,566.62 and bad debts $34,618.04.

The defendant in an affidavit stated that in 1973 the affiant

> advised Mr. Garbell that in 1973 he would be paid a gross salary of $9,000.00 and that he would receive a bonus based on the formula which I explained to him and which I noted on the paper which is attached to my affidavit.
>
> That this formula would result in a bonus based on Mr. Garbell receiving one per cent of all collections based on a maximum P & L [profits and losses] of five per cent of gross sales at charge. If the P & L's are five per cent, the bonus was to be $750.00 and if the P & L's are eight per cent or above, the collection bonus would be voided. If Mr. Garbell succeeded in keeping the P & L's to below five per cent, then he would receive one per cent of all collections made.

The defendant further stated that in 1972 the profits and losses were 8.33 percent and in 1973 they were 9.703 percent. The defendant accordingly contends that under the terms of the agreement the plaintiff was not entitled to a bonus.

It is apparent in comparing the affidavits of the plaintiff and the defendant that a material issue of fact exists as to the terms of the oral bonus agreement. The plaintiff contends that the defendant's formula was not the formula agreed upon for determining the bonus. The facts and circumstances surrounding the agreement, the intent of the parties, and the credibility of the witnesses are matters in dispute and must be resolved by trial. The trial court accordingly erred in granting defendant's motion for summary judgment.

Reversed and remanded.

WILLIAMS and ANDERSEN, JJ., concur.