[No. 6010–1. Division One. February 20, 1979.]

INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, LOCAL No. 2088, *Respondent*, v. THE CITY OF TUKWILA, ET AL, *Appellants*.

*LeSourd, Patten, Fleming, Hartung & Emory, Lawrence E. Hard,* and *John F. Colgrove,* for appellants.

*Inslee, Best, Chapin, Uhlman & Doezie,* and *Thomas H. Grimm,* for respondent.

SWANSON, J.—The City of Tukwila (the City) appeals a summary judgment entered in favor of International Association of Firefighters, Local No. 2088 (the Union) in a dispute over contributions to a private pension fund. The City contends material issues of fact preclude a summary judgment and, in the alternative, the trial court erred in ordering future contributions. We do not find any material issues of fact, but remand for clarification of the judgment.

Since the inception of its fire department in 1969, the City contributed to the federal Social Security System on behalf of all its firefighters, each of whom currently belongs to the Union. In 1976 the firefighters learned their participation in social security could be terminated and contributions thereto refunded. Sam Ruljancich, representing the firefighters, worked with City Attorney Lawrence E. Hard during the spring and summer of 1976 to effect a withdrawal from social security.

The question whether the City could legally refuse to contribute to a substitute pension program upon the Union's withdrawal from social security was raised by both Ruljancich and a member of the city council. Hard responded via a memorandum by a research assistant that the City probably could not refuse to contribute but at minimum would have to negotiate the matter with the Union rather than act unilaterally.

On September 7, 1976, however, the city council passed a motion "that if the Fire Fighters determine not to take part in Social Security, the City's matching funds will stay in the general fund." The next week the firefighters met and voted unanimously to discontinue social security payments and establish a Hartford Deferred Compensation Plan. Thereafter, the City ceased making contributions to a retirement plan for the firefighters.

After fruitless attempts at bargaining, this lawsuit was filed. The firefighters sought an order compelling the City (1) to reimburse the firefighters the funds recovered from social security and (2) to resume contributions equal to social security payments to a qualified retirement plan. On a motion for summary judgment the firefighters prevailed on both causes, the trial court ordering as follows:

1. The City of Tukwila shall pay to a qualified retirement plan of plaintiff's choosing or to each individual employee (if the City and the employee so agree) all monies returned from Social Security to the City of Tukwila which were paid on behalf of members of the

bargaining unit represented by plaintiff, whether those funds are returned by credit or otherwise.

2. The City of Tukwila shall also pay to a qualified retirement plan of plaintiff's choosing, or to each individual employee if the parties so agree, on behalf of each member of plaintiff's bargaining unit 5.85% of each employee's monthly wages for each month the City has failed or fails to make such payments from and after October 1, 1976.

The City does not appeal that part of the judgment requiring it to reimburse the firefighters' refunded social security payments, but takes issue solely with the order regarding past and future contributions.

■ Initially, the City contends material issues of fact render a summary judgment inappropriate. This court in *Island Air, Inc. v. LaBar,* 18 Wn. App. 129, 136, 566 P.2d 972 (1977), reviewed the concept of summary judgment:

> The purpose of a motion for summary judgment is to examine the sufficiency of the evidence supporting the plaintiff's formal allegations so that unnecessary trials may be avoided where no genuine issue of material fact exists. CR 56; *Morris v. McNicol,* 83 Wn.2d 491, 519 P.2d 7 (1974); *Garbell v. Tall's Travel Shop, Inc.,* 17 Wn. App. 352, 353, 563 P.2d 211 (1977). A material fact is one upon which the outcome of litigation depends in whole or in part. *Morris v. McNicol, supra; Amant v. Pacific Power & Light Co.,* 10 Wn. App. 785, 520 P.2d 181 (1974), *aff'd per curiam,* 84 Wn.2d 872, 529 P.2d 829 (1975). The motion will be granted only if after viewing the pleadings, depositions, admissions and affidavits, and all reasonable inferences that may be drawn therefrom in the light most favorable to the nonmoving party, it can be stated as a matter of law that (1) there is no genuine issue as to any material fact, (2) all reasonable persons could reach only one conclusion, and (3) the moving party is entitled to judgment.

The City argues that the Union and the trial court relied on the premise that the parties' collective bargaining agreement contractually obligated the City to contribute to another pension plan should the social security plan be terminated. The City denied such an obligation in its answer.

Because a copy of the actual contract was never entered in the record the City contends there is a material issue of fact regarding whether it agreed to contribute to any plan other than social security. We find this argument unpersuasive.[1]

██ The court in *Bakenhus v. Seattle*, 48 Wn.2d 695, 698, 296 P.2d 536 (1956), addressed the question of pension payments to municipal employees:

> In this state, a pension granted to a public employee is not a gratuity but is deferred compensation for services rendered.

The characterization of pension plans as deferred compensation has been applied to plans arising from private collective bargaining agreements also. *Dorward v. ILWU–PMA Pension Plan*, 75 Wn.2d 478, 482–83, 452 P.2d 258 (1969). Reviewing the law in this area, the court in *Frank v. Day's, Inc.*, 13 Wn. App. 401, 404, 535 P.2d 479 (1975), stated:

> In this jurisdiction, pensions or retirement programs, whether public, established by collective bargaining, or voluntarily employer–funded, constitute deferred compensation for services rendered and are designed to promote continued and faithful service to the employer and economic security to employees. A pension agreement is contractual in nature, and the employer is obligated to pay the pension if an employee fulfills the specific conditions of the agreement.

The *Frank* court also distinguished when certain rights vest, at page 405:

> An employee has a vested right in a pension or retirement *system* upon becoming a qualified employee, and that system cannot be altered to his detriment without corresponding benefit to him. *Dorward v. ILWU–PMA Pension Plan, supra; Bakenhus v. Seattle, supra.* A vested right to *payment*, however, does not arise until the contractual conditions for payment set out in an agreement have been met. *Jacoby v. Grays Harbor Chair & Mfg. Co.,* [77 Wn.2d 911, 468 P.2d 666 (1970)];

---

[1]The City also contends other issues of fact arise if we were to agree with this initial premise. Because we do not, these arguments will not be discussed.

*DeRevere v. DeRevere*, 5 Wn. App. 741, 491 P.2d 249 (1971).

*See Bakenhus v. Seattle, supra* at 699, *quoting Holt v. Board of Police & Fire Pension Comm'rs*, 86 Cal. App. 2d 714, 196 P.2d 94 (1948).

Finally, as averred in *Bakenhus* at page 701:

[T]he employee who accepts a job to which a pension plan is applicable contracts for a substantial pension and is entitled to receive the same when he has fulfilled the prescribed conditions. His pension rights may be modified prior to retirement, but only for the purpose of keeping the pension system flexible and maintaining its integrity.

*See Mulholland v. Tacoma*, 83 Wn.2d 782, 784–85, 522 P.2d 1157 (1974).

■ Thus, the absence from the record of the written contract does not raise a material issue of fact as to the City's obligation to contribute to a retirement plan on behalf of the Union. The City admits making past payments to social security for the benefit of the firefighters. These payments were properly considered compensatory during arbitration proceedings between the City and the Union in 1976. The contractual obligation of the City to contribute to a union retirement plan is inferred.[2] Just as the City may not improperly modify pension rights, neither may the Union inequitably alter the City's obligation. The City offered nothing in the record, however, implying that its burden of contribution would be perceptibly changed by a switch from social security to the Hartford Deferred Compensation Plan. Thus, the trial court did not err by ordering the City to pay an amount equal to earlier social security contributions to a qualified retirement plan of the Union's choosing for the period covered by the existing collective bargaining agreement.

---

[2]Of incidental interest, both parties admit—the City in its reply brief and the Union in oral argument—that their collective bargaining agreement does not speak to either social security or private pension plan payments.

■ The City also argues—correctly—that the language of the judgment erroneously implies an infinite contributory obligation on the City's part. Both the City and the Union agree that damages under the parties' collective bargaining agreement are limited to the term of that agreement. The Union contends, however, that the remedy for a breach of the statutory duty to bargain is not so limited, and argues the City could be held liable until it bargained in good faith or submitted to arbitration.

We find the record before the trial court on this summary judgment motion inadequate to support a conclusion that the City breached a statutory duty to bargain. We therefore remand for modification of the judgment, to wit: that the City make the contributions ordered by the trial court for each month from and after October 1, 1976, for the term of the parties' collective bargaining agreement. Future obligations of contribution will have to be negotiated between the parties, but the City cannot discontinue contributions without providing a "corresponding benefit" to the firefighters. *Frank v. Day's, Inc., supra.*

Remanded for modification consistent with this opinion.

ANDERSEN, A.C.J., and RINGOLD, J., concur.

Reconsideration denied April 30, 1979.

Review denied by Supreme Court August 22, 1979.