May Term,
1846.

THE STATE
v.
WHITSON.

Monday,
July 20.

AN indictment cannot be objected to because one of the grand jurors who found it was an alien. See R. S. 1843, p. 951.

---

THE STATE *v.* S. WHITSON.

Though a person recognized to answer an indictment, &c., appear at the trial, &c., yet if he do not comply with the judgment against him, the recognizance will be forfeited.

Monday,
July 20.

ERROR to the *Parke* Circuit Court.

PERKINS, J.—*Scire facias* against bail upon a forfeited recognizance. The condition of the recognizance is as follows: "That if the said *Harman Whitson* shall personally be and

appear before the judges of the *Parke* Circuit Court, on the first day of the next term thereof, to be holden at the court-house in *Rockville* on the last *Monday* of *February* next, then and there in said Court to answer unto the state of *Indiana* on an indictment for a riot, and not depart the Court without leave, and abide the order and judgment thereof," &c. The said *Harman* appeared on the first day of the term of the Court to which he was recognized, pleaded not guilty to the indictment, was tried by a jury, convicted, and fined three dollars. His counsel moved for a new trial, which motion was, on the next day of the term, overruled, and the judgment of the Court passed upon the verdict of the jury. The defendant did not appear to pay or replevy the judgment for the fine and costs.

On a subsequent day of the term, said *Harman* was duly called, as was his surety, the defendant, and not appearing nor being surrendered, his recognizance was declared forfeited, and the *scire facias* in this case was thereupon issued.

It is set up in bar of this *scire facias*, that the recognizance was discharged by the appearance and submission to trial of the said *Harman* on the first day of the term. We think otherwise. By the condition of the recognizance he was not only to appear, but he was not to depart without leave of the Court, and was to abide the order and judgment thereof. He did depart without the leave of the Court, and did not abide the order and judgment thereof. He forfeited his recognizance. The object in taking bail in these cases, is not simply to secure the appearance of the accused at the trial, but also the performance and satisfaction of the judgment that may be given against him.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*A. A. Hammond* and *J. P. Usher*, for the state.