Filed Jan. 3, 1894.

———————

No. 16,967.

BASS *v.* THE STATE.

CRIMINAL LAW.—*Assault and Battery With Intent to Commit Murder in First Degree.—Indictment, Sufficiency of.*—An indictment which charged that "Curt. Bass, late of said county, on the 21st day of August, A. D. 1891, at said county and State aforesaid, did then and there feloniously, purposely and with premeditated malice, and in a rude, insolent and angry manner, touch, bruise, lacerate, and wound the body and person of William H. Tow, by then and there feloniously, purposely and with premeditated shooting off and discharging at and against the said Tow a certain shotgun then and there loaded with gunpowder and leaden shot and slugs, with the intent then and there and thereby, him, the said Tow, feloniously, purposely and with premeditated malice, to kill and murder," sufficiently states the offense of assault and battery with intent to commit murder in the first degree.

SAME.—*Evidence.—Deceased Witness.—Permitting Official Stenographer to Read to Jury Evidence of.*—Where, in a criminal action, the jury disagreed on the first trial, and between the dates of the first trial and the second trial of the cause a witness for the state died, and, upon proof of that fact, the court permitted the official stenographer at the first trial to read to the jury, at the second trial, from the typewritten transcript, certain portions of the evidence of such deceased witness, given at the first trial, the defendant objecting and excepting thereto, there was no error in such action of the court.

SAME.—*Same.*—In such case, where the defendant simply objected to the reading of less than the whole of the evidence of the deceased witness given on the former trial of the cause, such objection can not prevail.

SAME.—*New Trial.—Misconduct of Court, of Counsel.— Waiver.*—In a criminal action, it was not error to overrule a motion for a new trial, based upon the misconduct of the court and of the prosecuting attorney, which alleged, in substance, that while the jury were in their

room deliberating, the door of which was about fifteen feet from the witness chair occupied by witnesses in the case of State v. Moore, the defendant being charged with the crime of murdering the same per-. son that defendant in this case is charged of assaulting with intent to murder, the position of counsel for the State, while arguing the case of State v. Moore was not to exceed fifteen feet from the door of the jury room in which the jury in this case were deliberating, and could have heard, and did hear, the argument of counsel in the case against Moore, in which argument this defendant's conduct and relationship to the deceased were criticised, all of which was to the prejudice of defendant's case then pending before the jury; it appearing that the defendant in this case had knowledge of such facts, at the time, and made no objection thereto.

EVIDENCE.— *Objections to.— Question, How Saved.— Waiver.*—Where specific objections are stated to the admission of evidence, the implication is that there are no others, or, if others, that they are waived; the rule being that the particular ground of objection must be stated to the trial court, and the same ground of objection brought before the appellate tribunal, there being, otherwise, no question presented on appeal.

From the Lawrence Circuit Court.

*M. F. Dunn*, for appellant.

*A. G. Smith*, Attorney-General, and *S. B. Lowe*, Prosecuting Attorney, for State.

COFFEY, J.—At the September term, 1891, of the Lawrence Circuit Court, the grand jury of that county returned an indictment against the appellant, Curtis Bass, charging him with an assault and battery upon one William H. Tow, with the intent to commit the crime of murder.

A trial of the cause by jury resulted in a verdict finding the appellant guilty as charged, upon which verdict the court, over a motion for a new trial, rendered judgment.

To reverse the judgment thus rendered, this appeal is prosecuted.

The indictment charges that "Curt. Bass, late of said county, on the 21st day of August, A. D. 1891, at said county and State aforesaid, did then and there feloni-

ously, purposely and with premeditated malice, and in a rude, insolent, and angry manner, touch, bruise, lacerate and wound the body and person of William H. Tow, by then and there feloniously, purposely and with premeditated malice shooting off and discharging at and against the said Tow a certain shotgun then and there loaded with gunpowder and leaden shot and slugs, with the intent then and there and thereby him, the said Tow, feloniously, purposely and with premeditated malice, to kill and murder.''

This, we think, is a good indictment for assault and battery with intent to commit the crime of murder in the first degree, and for this reason the circuit court did not err in overruling the appellant's motion in arrest of judgment, based upon the insufficiency of the indictment.

The evidence tends to support the verdict of the jury, and for this reason we are not at liberty to disturb it on the claim made by the appellant that his motion for a new trial should have been sustained for want of evidence to support the verdict.

This case was tried twice in the Lawrence Circuit Court, the jury having failed to agree upon a verdict at the first trial. At the first trial, D. O. Spencer acted as the official reporter, and took down, in shorthand, the evidence of the injured party, William H. Tow. Subsequently, with the assistance of his daughter, Mr. Spencer made a typewritten transcript of this evidence, compared it with his shorthand notes, and was able to, and did, testify that the typewritten transcript was correct. Between the dates of the first and second trials of the cause, Tow departed this life, and upon proof of that fact the circuit court permitted Spencer to read to the jury, from the typewritten transcript, certain portions of the evidence of Tow on the former trial of the cause, to which action and ruling of the court the appellant excepted.

Numerous objections to this ruling are ably urged in this court by the appellant's learned counsel.

It is contended:

*First.* That the witness can only use the notes made at the former trial of the cause for the purpose of refreshing his memory, and that after his memory is thus refreshed he must be able to state from his recollection what the deceased witness testified on the former trial.

*Second.* That the type-written transcript, not being a paper prepared at the time of the former trial, the witness had no right to refer to it for the purpose of refreshing his recollection.

*Third.* That the whole testimony of the deceased witness should have been read to the jury, if any was admissible, and that it was error to permit a part only to be read.

*Fourth.* That the fact that a former trial of the cause had taken place, should have been proved by the record before the testimony of the deceased witness was admissible.

Mr. Wharton, in his work on Criminal Evidence (9th ed.), section 227, says: "To the rule excluding hearsay the first exception we have to notice is the following: What a deceased witness testified to on a former procedure against the same defendant, for the same offense as that under trial, or for an offense substantially the same, may be proved by witnesses who heard the testimony of the witness. * * * What a witness, since dead, has sworn upon a trial between the same parties may be given in evidence, either from the judge's notes, or from notes that have been taken by any other person who will swear to their accuracy; or the former evidence may be proved by any person who will swear from his memory to its having been given."

While there is much authority for appellant's conten-

tion, the weight of authority does not, in our opinion, sustain the appellant in his position that notes of the evidence taken at the trial of a cause can only be used by a witness for the purpose of refreshing his recollection. The great weight of authority is, we think, that where the testimony of a deceased witness has been taken in writing, or where notes of the evidence have been taken by the judge or any one else who can testify to their correctness, or where the evidence has been taken by an official shorthand reporter, such evidence or notes may be read in evidence on a subsequent trial between the same parties. *Marler* v. *State,* 67 Ala. 55, 42 Am. Rep. 95; Reynold's Stephens on Evidence, 181; *Insurance Co.* v. *Weide,* 9 Wall. 677; *Ruch* v. *Rock Island,* 97 U. S. 693; *Halsey* v. *Sinsebaugh,* 15 N. Y. 485.

In the case of *Sage* v. *State,* 127 Ind. 15, it was said by this court: "No error was committed in permitting the official stenographer to read from his report of the testimony of a witness given on a former trial, who had since died."

It was further said in that case that there is much reason for a distinction between an official stenographer, when called as a witness in a case like this, and an ordinary witness. We must know, as a matter of common knowledge that stenography is not generally taught in our common schools, and that but few persons, comparatively, are able to read the shorthand notes.

When seeking to ascertain the testimony of a deceased witness, it is desirable that such testimony should be exactly reproduced if it is possible to do so. When the official stenographer is called for that purpose, his shorthand notes must be translated, either by himself or some one else who is able to do so. It being necessary that they should be translated, we think it wholly immaterial whether it is done orally or in writing.

In this case it was done in writing. There is no claim that it was not done correctly. We think the court did not err in permitting Spencer to read a transcript of the evidence of the deceased witness named, unless some one of the other objections urged against its admission can be sustained.

What we have already said disposes of the second objection made by the appellant to the admissibility of this evidence.

Of the third objection urged to its admissibility, we may say that we have no means of knowing the character of the evidence of the deceased witness, which was omitted in the reading.

It appears from the record, that the court decided it was not competent evidence on this trial of the cause. The contrary not appearing, we must presume that the circuit court did not error in this ruling. If anything was omitted from the reading which the appellant deemed necessary to a fair understanding of what was read, or which modified it in any way, or which the appellant deemed advantageous to himself, doubtless it would have been read if offered by him. But no such course was taken. He contented himself by objecting to the reading of less than the whole of the evidence of the deceased witness given on the former trial of the cause.

It has been held by this court, however, that it is not necessary that all the evidence of the deceased witness should be reproduced. It is only necessary to reproduce all the evidence upon a distinct subject. *Horne* v. *Williams*, 23 Ind. 37.

It is sufficient to say of the fourth objection, that it was not made or pointed out in the court below. The record before us discloses the fact that this was the second trial of the appellant upon the charge of which he was convicted. Doubtless it was taken for granted, on the trial of this

cause, that the appellant had been previously tried, and that the reproduced evidence of the deceased witness was given on that trial.

It is true that the appellant, on a motion to strike out this evidence, assigned as one of his reasons that no record of the former trial had been read in evidence, but no such objection was pointed out to the court at any time before the evidence went to the jury.

Where specific objections are stated to the admission of evidence, the implication is that there are no others, or, if others, that they are waived. The rule is that the particular ground of objection must be stated to the trial court, and the same ground of objection brought before the appellate court, otherwise there is no question presented for consideration on appeal. Elliott's App. Proced., section 775.

The eighth reason assigned by the appellant for a new trial calls in question the conduct of the court and the prosecuting attorney in relation to the jury by which he was tried. This reason is supported by the affidavit of one Albert Bryant, in which he deposes, substantially, that the door of the jury-room in which the jury agreed upon their verdict in this case is not to exceed fifteen feet from the witness chair occupied by the witnesses in the case of the *State* v. *Moore,* tried while the jury were deliberating of their verdict in this case; that the position of counsel while arguing the Moore case was not to exceed fifteen feet from the door of said jury-room; that affiant was present during the trial of the case against Moore, and knows, from the proximity of the place occupied by counsel when arguing the case, that the jurors in this case could have heard, and did hear, the argument of counsel *pro* and *con* in the case against Moore; that Moore was charged with the murder of William H. Tow, the person on whom appellant is charged in this

case of assaulting with intent to murder; that pending said argument, and after the cause against the appellant was submitted to the jury, and while they were deliberating of their verdict, Hon. Simpson B. Lowe, prosecuting attorney for the Tenth Judicial Circuit, who prosecuted the case against the appellant, and was then prosecuting the case against Moore, and the other counsel prosecuting the case against Moore within the hearing of the jury having appellant's case under consideration, criticised the conduct of appellant and his relationship and hostility to the said Tow.

It is claimed by the appellant that the conduct set out in this affidavit was such as to prejudice his case then pending before the jury, and for this reason the court erred in refusing to grant him a new trial.

It does not appear that the appellant did not have full knowledge of the fact that Moore was on trial under such circumstances as that the jury could hear the argument of counsel in the case, nor does it appear that he made any objection to having it proceed. We have no means of knowing the character of the evidence against Moore, nor have we any means of knowing what was said by counsel in the case. Everything is presumed to have been rightly done in court, and as the trial court, knowing the nature of the evidence against Moore, and knowing, also, what was said by counsel, held that nothing had occurred to the prejudice of the appellant, we must presume in favor of the correctness of his ruling. The jury is presumed to have done its duty, and nothing more, and such presumption must continue until the contrary is shown.

In our opinion, it does not appear that the circuit court erred in refusing to grant the appellant a new trial on the facts disclosed in the eighth reason therefor.

We have carefully considered all the alleged errors

presented by the record in this case, urged by counsel as entitling the appellant to a reversal of the judgment rendered against him by the circuit court, and find no error for which the judgment should be reversed.

Judgment affirmed.

Filed Jan. 10, 1894.