## THOMPSON v. STATE OF INDIANA.

[No. 23,917.   Filed October 12, 1921.]

HOMICIDE.— *Present Ability to Kill.— Evidence.— Sufficiency.— Statutes.*—In a prosecution by the state against the defendant on an indictment for assault and battery with intent to kill by shooting, under §2240 Burns 1914, Acts 1905 p. 584, §352, evidence that defendant held the muzzle of a loaded revolver against the side of another and snapped it, at same time declaring his intention to kill, and snapped it at others who attempted to stop his assault, but for some unaccountable reason the cartridges failed to explode, *held* to authorize an inference that he had the "present ability" to kill.

From Marion Criminal Court (51,444) ; *James A. Collins,* Judge.

Prosecution by the State of Indiana against Frank Thompson.   From a judgment of conviction, the defendant appeals.   *Affirmed.*

*Holmes & McCallister,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* for the state.

TOWNSEND, C. J.—Appellant was indicted for assault with intent to kill by shooting.   (§2240 Burns 1914, Acts 1905 p. 584, §352.)   He was tried by court without a jury and convicted.

The sole question presented by this appeal is whether the evidence is sufficient to establish the "present ability" of appellant to commit the assault within the meaning of §2241 Burns 1914, Acts 1905 p. 584, §353, which is:   "Whoever, having the present ability to do so, unlawfully attempts to commit a violent injury upon the person of another, is guilty of an assault," etc.

The evidence shows that appellant went to the house where the prosecuting witness, his wife, was living and, after gaining admittance, approached the prosecuting

witness and placed a loaded 38-caliber revolver against her side and snapped it, at the same time telling her that he was going to kill her. A scuffle ensued in which she attempted to ward off the weapon, and thereupon other persons came into the room to interfere, and appellant snapped the revolver at them, but the cartridges in the revolver failed to explode.

It is claimed by the appellant that under this set of facts the court should have discharged him at the close of the state's evidence, on which he rested. Appellant relies on *State* v. *Swails* (1856), 8 Ind. 524, 65 Am. Dec. 772, wherein it was said. "To constitute an assault, the intent and the present ability to execute, must be conjoined." He also relies on *Klein* v. *State* (1894), 9 Ind. App. 365, 36 N. E. 763, 53 Am. St. 354, which holds that pointing a pistol not shown by the evidence to have been loaded does not constitute an assault, where there is not such proximity of the assailant to the assailed that such an assault could be committed by other means than shooting.

In answer to appellant's contention, the state relies on *Kunkle* v. *State* (1869), 32 Ind. 220, at 230, where the court said, in speaking of the Swails case, *supra:* "But if the case is to be understood as laying down the broad proposition, that to constitute an assault, or an assault and battery, with intent to commit a felony, the intent and the present ability to execute must necessarily be conjoined, it does not command our assent or approval."

The state also calls our attention to *Hamilton* v. *State* (1871), 36 Ind. 280, at 284 and 285, 10 Am. Rep. 22, where this court called attention to the criticism of the Swails case, *supra,* in the Kunkle case, *supra,* and also its criticism in 1 Bishop, Criminal Law §677. Both appellant and the state seem to have overlooked, or failed to cite, *Howard* v. *State* (1879), 67 Ind. 401, at 404 and 405,

wherein this court, referring to the criticism of the *State* v. *Swails* case, *supra,* contained in *Kunkle* v. *State, supra,* said: "It is equally true, however, that Elliott, J., who delivered the opinion of the majority of the court in *Kunkle* v. *State, supra,* did not even allude to the statutory definition of an assault, in the above mentioned act of December 2d, 1865, although the case was decided at least four years after the approval of said act. We may well conclude, therefore, that, in the consideration and decision of the case last cited, the statutory definition of an assault escaped the notice and attention of this court, as then constituted."

All of the above cases seem to have been correctly decided when we limit the decisions to the matters which were squarely before the court. In the Swails case it was the correctness of an instruction on present ability; in the Kunkle case it was the sufficiency of the evidence to warrant the inference of present ability; in the Howard case it was the sufficiency of the indictment on this subject; in the Klein case it was the inference to be drawn from pointing a pistol not shown to have been loaded.

In the instant case appellant held the muzzle of a loaded 38-caliber revolver against the side of the prosecuting witness and snapped it, at the same time declaring his intention to kill. He possessed the combination of instrumentalities calculated to kill. For some unaccountable reason the cartridges in the revolver failed to explode. He also snapped this revolver at others who attempted to stop his assault, and again the cartridges failed to explode.

We think that this is as far as the state was required to go in making out a case against him, and that the court was authorized to draw the inference from these facts that appellant had the present ability to kill; and we think that this decision is not at variance to the

principles laid down in the cases to which we have previously referred.

Judgment of the trial court is affirmed.

Myers, J., absent.