KRISTIAN *v.* STATE OF INDIANA.

[No. 13,599. Filed March 29, 1929.]

*Sweet & Edmonds,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

NICHOLS, J.—Appellant was convicted of unlawfully possessing intoxicating liquor in violation of the laws of the state, and by the judgment of the court was fined $100 and ordered to be imprisoned on the Indiana State Farm for ninety days. Appellant's motion for a new trial was overruled, and this appeal followed. At the time the motion for a new trial, which presented only questions pertaining to the evidence, was overruled, appellant was given thirty days in which to file his bill of exceptions. On February 26, 1926, it appears by the record that "the defendant now asks extension of time within which to file bill of exceptions, which prayer is granted, and the defendant is now hereby given thirty days additional time in which to file his bill of exceptions." On March 27, 1926, it appears by the record that "the defendant asks and is granted thirty days additional time in which to file his bill of exceptions." Section 687 Burns 1926 provides that when time has been given in

which to tender a bill of exceptions containing the evidence, and further time is needed, the court or the judge thereof, upon written application under oath, showing the necessity, may grant a reasonable extension of time within which to file such bill. It is further provided in the section that the application must be made and the time of hearing thereof set for a day prior to the expiration of the time first given. It is also provided that no re-extension of time shall be granted unless it is shown that the failure or inability of the court reporter to have the bill ready was not caused by the negligence of the party asking for the extension of time. It does not appear that there was any written application showing under oath the necessity for the time, or that the reporter was unable to prepare the transcript in time, or that such failure was not caused by the negligence of appellant, or that the time for hearing the application was set for a day prior to the expiration of the time first given. Further, there is no provision whatever in the statute for a second extension of time, and it has been held that the court, even by consent of the parties, has no jurisdiction to grant a second extension. *Brown* v. *American Steel, etc., Co.* (1909), 43 Ind. App. 560, 565, 88 N. E. 80. The bill of exceptions is not in the record. No question, therefore, pertaining to the evidence is presented.

Judgment affirmed.