## SANDERS v. STATE OF INDIANA.

[No. 13,651.   Filed April 5, 1929.]

*Nat H. Youngblood,* for appellant.
*Arthur L. Gilliom,* Attorney-General, and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

NICHOLS, J.—Prosecution by the State of Indiana upon an indictment in three counts charging appellant with the offense of compounding a prosecution as defined in §2586 Burns 1926. Cause was tried by a jury, which returned a verdict finding appellant guilty as charged and that he be imprisoned in the Vanderburg county jail thirty days. On the same day, December 30, 1926, appellant filed his motion for a new trial, which motion was overruled by the court. Judgment was pronounced immediately thereafter. Appellant then prayed an appeal to the Supreme Court, which the court granted, and appellant was given sixty days' time within which to prepare and file all bills of exceptions. On January 24, 1927, appellant asked for leave of court to withdraw his motion for new trial theretofore filed, which leave was granted over State's objection, and appellant's second motion for a new trial was accordingly filed and overruled on January 24, 1927, being the forty-third judicial day of the December term. Thereafter, on March 29, 1927, being the twentieth judicial day of the March term of court, appellant petitioned the court for a *nunc pro tunc* entry extending the time for filing all bills of exceptions until March 31, 1927, as of January 24, 1927, and also filed a petition asking for a re-extension of time within which to file all bills of exceptions. The court overruled the motion for the *nunc pro tunc* entry, to which ruling of the court appellant at that time excepted. The court also overruled the petition for re-extension of time to file all bills of exceptions in the case. On April 19, 1927, being the thirty-eighth judicial

day of the March term, 1927, appellant tendered to the court his original bill of exceptions No. 1, containing the evidence; and also, at the same time, tendered his bill of exceptions No. 2 and asked that the same be examined and approved and signed by the judge. The court, after having examined both bills, approved and signed the same. Appellant now comes to this court, assigning as error the rulings of the trial court with respect to his motion to quash the indictment, his motion for a new trial, and his motion for an extension of time within which to file all bills of exceptions herein.

Appellant first complains of the action of the court in overruling his motion to quash each count of the indictment. It is charged in the first count, briefly stated, that appellant, having knowledge that certain-named parties had, on January 11, 1926, in Vanderburg county, unlawfully conspired with each other for the purpose of unlawfully owning and having in their possession and control a still and apparatus for the manufacture of intoxicating liquor, did, on May 1, 1926, with knowledge that one of the conspirators had been indicted and arrested, and was to be tried on May 12, 1926, unlawfully take and receive of said party $50, with the express understanding and agreement that he should encourage the absence from the trial of a certain material and competent witness. The second count is substantially the same, except it alleges the agreement to procure the absence of the witness, and the third count is the same, except that it alleges the agreement to delay the trial. Appellant contends that the counts were each defective for the reason that they failed to allege, repectively, that encouraging the absence of the witness was unlawful, that procuring the absence of the witness was unlawful, and that delaying the trial was unlawful. Section 2586 Burns 1926, provides that: "Whoever takes any money . . . upon any

agreement or understanding, express or implied, to compound, discontinue or delay any prosecution then pending for any crime or violation of statute, or to withhold any evidence in aid thereof, or to do any act to encourage or procure the absence of witnesses or other evidence on the examination or trial of such charge, on conviction shall be punished by imprisonment in the proper county jail not exceeding one year, or by fine not exceeding one thousand dollars, or by both such fine and imprisonment." It needs no argument that each count of the indictment is clearly within the provision of the section of the statute and is valid. The motion to quash was properly overruled.

Appellant attempts to present error as to the action of the court in refusing to order a *nunc pro tunc* entry of time given to file all bills of exceptions as of the date that the motion for a new trial was overruled, but proof of an oral announcement is not sufficient evidence upon which to base an order for a *nunc pro tunc* entry. *Boyd* v. *Schott* (1899), 152 Ind. 161, 52 N. E. 752. Without such entry, the record is silent as to any time being granted for filing such bills. Even if an extension of time had been granted, and a proper record made thereof, there was no re-extension of time granted, and if there had been it would have been void. *Kristian* v. *State* (1929), *ante* 50, 165 N. E. 784.

No bills of exceptions containing either the evidence and the proceedings at the trial or the instructions, having been presented until April 19, 1927, which was after the term at which the motion for new trial was overruled, the signing by the judge, at that time, of such bills was without force. Nothing is presented as to errors occurring at the trial, nor as to the instructions.

Judgment affirmed.