**Ronald L. MASON, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 878S182.

Supreme Court of Indiana.

July 26, 1979.

Rehearing Denied Oct. 17, 1979

Rick D. Meils, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Robert C. Swain, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant Mason was charged with and determined guilty by a jury of violating the Indiana Controlled Substances Act. Ind. Code §§ 35–24.1–4.1–1 through 35–24.1–4.-1–16 (repealed effective October 1, 1977). In Count I he was charged with unlawful possession of less than 10 grams of heroin; in Count II he was charged with unlawful possession of 106 grams of marijuana; and in Count III he was charged with having been previously convicted of possession of less than 10 grams of heroin.

On April 14, 1977, at about 9:00 p. m. officers of the Indianapolis Police Department armed with a search warrant for Apartment 8 at 5340 East 21st Street in the City of Indianapolis, identified themselves while outside the hallway door to the apart-

ment, then forced their way in and observed appellant attempting to jump out a window. A quantity of marijuana and heroin was confiscated from the premises. Appellant and Doris Adams were present and both were charged growing out of the seizure of the contraband material.

On appeal appellant raises four issues: (1) whether the evidence of possession was sufficient; (2) whether State's exhibits including the contraband were properly admitted; (3) whether the affidavit and search warrant were properly admitted; and (4) whether the verdict on Count III was defective.

## I.

The evidence most favorable to the State supporting the conviction and in particular the element of possession may be summarized as follows:

Appellant's white Cadillac Eldorado had been observed by the police parked outside the building in which the apartment was located on several occasions prior to the date the apartment was searched and appellant was arrested there. D. J. Adams and her two children resided in the apartment, and appellant also stayed there overnight on occasion. When so staying overnight appellant occupied the bedroom with her. Appellant had clothing in the hall closet and used the shelves of the closet for personal items. Prescription medicines belonging to appellant were located in the medicine chest in the bathroom. Men's slacks, shirts and shoes were located in different spots throughout the apartment. Appellant would receive telephone calls at the apartment which in his absence would be written down and kept for him by D. J. Adams.

On January 14, 1977, at 9:00 p. m. the police officers knocked on the apartment door and identified themselves as police officers. At the time D. J. Adams was in her nightgown and appellant was in his undershirt and the two were watching television. When the door was not promptly opened the police forced themselves inside. Once inside the officers observed appellant attempting to crawl out a small bathroom window after he had apparently moved quickly into the bathroom. At trial Officer Meaker on cross examination stated in his belief that appellant was under the influence of narcotic drugs at the time. However, no recent injection sites were observed on appellant. There was also testimony presented that another male frequented the apartment, used appellant's car, used narcotic drugs, and had left the apartment minutes before the entry by police into the apartment.

The apartment was searched. A bottle of lactose, a bottle of quinine, a bottle cap which was burned on the end and which held a wet substance containing heroin, a green plastic funnel, balloons, a loaded revolver and $1250 were found in the hall closet in open view on a shelf. A small packet or bindle containing a mixture of lactose and quinine was found in the pocket of a man's jacket which was hanging in the hall closet. A purse was found on the floor in the open doorway of a bedroom closet. The sole contents of this purse was a sack containing heroin, needles, syringes, a bottle cap, and a quantity of marijuana. D. J. Adams testified at trial and stated that the marijuana belonged to her but that the heroin and drug paraphernalia did not.

Much of the foregoing summary was contradicted by the testimony of D. J. Adams and appellant. However in reviewing an allegation of insufficient evidence this Court does not weigh competing factual assertions nor resolve questions of credibility of witnesses, but looks to the evidence and reasonable inferences therefrom which support the verdict. *Asher v. State*, (1969) 253 Ind. 25, 244 N.E.2d 89. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which the trier of fact could reasonably infer the existence of each element of the offense beyond a reasonable doubt. *Smith v. State*, (1970) 254 Ind. 401, 260 N.E.2d 558; *James v. State*, (1976) 265 Ind. 384, 354 N.E.2d 236. Appellant contends that the evidence of possession was insufficient in that it did not show that appellant had control of the apartment. According to the argument none of the contraband was in

plain view, part of the drugs was found in a purse belonging to D. J. Adams, and appellant did not appear to be "high" on drugs and therefore possession was not shown. The evidence need not be regarded in this manner. The jury could reasonably have accepted a construction of the evidence that D. J. Adams, appellant, and even their associates were in joint control and possession of the apartment and of its contents; that appellant in fact had knowledge that heroin and marijuana were present in the apartment in the hall closet and were kept in the bedroom; and that appellant had the intent and capability to maintain control over it. *Ledcke v. State*, (1973) 260 Ind. 382, 296 N.E.2d 412, *Thomas v. State*, (1973) 260 Ind. 1, 291 N.E.2d 557. Appellant used the apartment as his own. He kept his own personal prescription drugs in the bathroom. The hall closet contained his clothing. That closet had no door, but only a curtain over its entrance which was open, and the wet cap cooker and bottles of cutting material were there in open view. D. J. Adams served his interests by recording his telephone messages when he was not there. Their relationship was one of intimacy. She testified that the heroin and paraphernalia in her purse were not hers. He was under the influence of drugs at the time of the search, and attempted to flee upon hearing the officers announce their presence. The evidence of possession was sufficient.

## II.

■ Appellant contends that State's Exhibits 3 through 10 were erroneously admitted in evidence as they were not sufficiently connected with appellant. Exhibits 4 through 10, the contraband drugs, drug paraphernalia, and clothing, were each marked by the police immediately after seizure, safeguarded pending trial, and duly identified at trial. Such items were shown by the evidence to have been seized from appellant's possession at the apartment immediately prior to his arrest. Exhibit 3, a copy of the 1976 Indiana certificate of registration showing a white 1972 Cadillac registered in appellant's name was certified as

being a full, true and complete copy of such registration certificate as it appears on file in the Bureau of Motor Vehicles, and under the seal and signature of the commissioner of that bureau. A sufficient foundation was presented by the State at trial connecting Exhibits 4 through 10 with the offense alleged to have been committed by appellant to warrant their admission in evidence. *Rose v. State*, (1972) 258 Ind. 377, 281 N.E.2d 486. The certified copy of the car registration was properly authenticated as required by Ind.R.Tr.P. 44(A)(1) and constituted evidence which inferentially connected appellant to the apartment searched and the drugs in it and was not erroneously admitted as contended.

## III.

■ Appellant maintains that the trial court erroneously admitted an affidavit and search warrant. On appeal he contends that the contents of these documents were hearsay and their admission served to deny him the opportunity to cross examine the informant identified in the affidavit. At trial appellant's objection to the admission of these exhibits was limited to the assertion that they were not originals and were not properly authenticated. That objection is different from the question urged by appellant in this Court. In *Bass v. State*, (1893) 136 Ind. 165, 36 N.E. 124, the Court states the long standing general rule applicable to disposition of this issue on appeal:

> "The rule is that the particular ground of objection must be stated to the trial court, and the same ground of objection brought before the appellate court; otherwise, there is no question presented for consideration on appeal." 136 Ind. at 171, 36 N.E. at 125.

In a recent application of this rule in *Bruce v. State*, (1978) Ind., 375 N.E.2d 1042, we held that contentions made in a pretrial motion to suppress not asserted in an objection at trial were not preserved for appeal. The issues raised by appellant here in the case at bar were not raised in the trial court and have not been preserved for appeal.

### IV.

██ The trial below was conducted in two phases, the first being the trial on Count I, possession of heroin, and Count II, possession of marijuana; and the second being the trial on Count III, prior conviction of possession of heroin. By the end of the entire trial, the jury had returned four separate verdicts, including guilty of having a prior conviction for possession of marijuana. Appellant correctly points out that there was no charge alleging a prior possession of marijuana and once more, no evidence introduced of any such prior conviction. This fourth verdict was contrary to law, and no judgment could be based upon it. *Ramsey v. State*, (1932) 204 Ind. 212, 183 N.E. 648; *Bruce v. State*, (1951) 230 Ind. 413, 104 N.E.2d 129. The issue of whether appellant had been previously convicted of possession of marijuana was not before the jury and it had no legal power to pass upon it. Appellant however contends that this illegal verdict rendered the separate verdict of guilty on Count III uncertain and defective and that therefore appellant's sentence of eighteen years on such count should be set aside and a new trial granted. There is no uncertainty or defect visited upon the verdict on Count III by the illegal verdict. It was rendered on a separate form and is in conformity with the charge in Count III and the evidence presented. It is clearly stated and reads as follows:

"We, the Jury, find that the Defendant <u>Ronald L. Mason</u>, has been previously convicted for violation of the Indiana Controlled Substance Act, (as covered in Count I) and he shall be imprisoned for a period of <u>18</u> years, (here insert a period of not less than 4 years nor more than 20 years) and fined in the amount of $ <u>zero</u>. (here insert a fine not to exceed $2000.00.)

/s/————————"
### FOREMAN

Moreover, there was no evidence presented to support the proposition that appellant had been previously convicted of possession of marijuana and therefore there was no prejudice to appellant's substantial rights

on that score. *Goldstine v. State*, (1951) 230 Ind. 343, 103 N.E.2d 438. We find that the jury was not aided or propelled to conclude that appellant had been previously convicted of possession of heroin through their misguided and mistaken efforts in concluding that he had previously been convicted of possession of marijuana.

The judgment of the trial court is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE, and PIVARNIK, JJ., concur.